OpinioN op the Court.
THIS was a bill filed hy Fox against Hinton and Glen, to obtain from them the legal title to land which he alleges they hold under a patent granted to Stewart, and to •which lie claims a superior right in equity, derived . from, two entries, one in the name of Jeremiah Craig, hearing date the 15th of May 1780, and the other in the name of John Craig, bearing date the 15th of February. 1784, each of which was for 500 acres. Htintou and Glen controvert the validity of the entries in the names of Jeremiah and John Craig, and insist that the entry on which the survey and grant to Stewart are founded, is of prior date and superior dignity. Hinton also sets up an entry in the name of Joseph Hinton, as superior to those under which Fox claims, and moreover relies upon twenty years’ adverse possession by himself and those under whom he claims, upder Stewart’s grant, as a bar to Fox’s right to relief.
The circuit court decided that there had been twenty years’ adverse possession under Stewart’s patent, and that it was a bar to Fox’s relief, for any land within Craig’s entries, so far as they were interfered witb by Stewart’s patent; but decreed Hinton to release to Fox a small parcel of land outside of Stewart’s patent, which Hinton holds under the claim of Joseph Hinton; and from that decree JHinton has appealed to this court.
A decree for the recovery of land, cannot be had in favor of a pri- or against a junior paten-tee ; his remedy is at law.
A decree in favor of a complainant, for land not demanded by roneros1S er"
yearsriíd-verse possession under a legal title, is inequity, as well as to an ejectment.
1. It is perfectly clear, that the circuit court erred in decreeing Hinton to convey the land outside of Stewart’s patent; for, in the first place, it appears that the patent under which he held that land is younger than that of Craig, under which Fox derives title; and of course Fox had an adequate remedy at law for the recovery of'it, and has shewn no pretext for resorting to a court of equity for that purpose.
2, And, in the second place, Fox, in his bill, only claimed the land which was within the interference between Craig’s and Stewart’s claims, and the decree consequently gave him land to which he had asserted, no claim.
As the decree must, on this ground, be reversed, it becomes necessary to examine -whether it is in other resPec^s correct or not, that we may be enabled to direct the circuit court what decree to enter, when the cause shall he remanded. In making this examination we shall first notice the point of twenty years’ possession, which was sustained by the circuit court as a sufficient defence against the relief sought by Fox, as to the land held under Stewart’s patent; for if this be a good defence, it will he obviously unnecessary to enter into an investigation of the comparative merits of the conflicting entries.
3. That twenty years’ possession under the -legal ti-a ^ar rehef in equity, in a case of this sort, is conclusively settled by the repeated decisions of this court; nor is the doctrine controverted in this case; hut contended that twenty years’ possession under Stewart s patent, is not so established m point of tact, as to constitute an availing defence,
The proof on this subject is, that Stewart’s heirs, by their agent, more than twenty years before the institution of this suit, entered, under their patent, upon' the land in controversy, and made a lease for five years, to one Cloak, and that after the expiration of that term, the farm occupied by Cloak was leased from year to year to him and other successive tenants, by the agent, until Stewart’s representatives conveyed the land to Hinton and Glen, who have ever since been fn possession.
4. It is conceded, that the possession by the tenants of Stewart’s representatives, was in fact their possession; hut the lease to Cloak for five years is proved to have' *383 been in writing, and is not produced; and hence it is inferred, that in the absence of the written lease, the possession of Cloak cannot be construed to extend beyond his actual enclosure; and as that is undefined by any proof in the cause, it is urged that the possession is not sufficiently established to constitute an availing defence as to any part of the land in controversy. The pro-ductionof the written lease, we apprehend, was unnecessary, and could not be required 5 for it was fundus officii, and the presumption, according to the invariable usage in such cases, is, that it was destroyed; and this presumption ought especially to be indulged, after so great a lapse of time. It is true, that the proof does not shew whether the lease circumscribed the possession of Cloak to his enclosure or not; but in the absence of any evidence upon that point, we conceive the legal inference is precisely the reverse of that contended for on the part of Fox. .
After a leasa the possession acquired un-presumption of law is, I1™4 the lease especialfyff a great mim-ber of years if/ter ** mination; heneo oral it m™°be girenfinca-ses requiring Pr0?f of Pos" ;s evidence^ that a tenant occupied tho the^resump-tionis, that he was in ^iTthe woodland belong-ingtothe erideLSof his possession being circum-^rib^ ““j4 bythose”06 whose inter-°®4 requires hsbnLnt of that fact,
Tho right of tenant to 0f tho tract, . unless re-strictedby the terms of his lease,^ without such restriction, he is in pos-whohTtraot!6
*383 5. Tiie adjoining woodland is essentially necessary to the enjoyment of a farm, and the law therefore gives a tenant the right of estovers; that Is, the right to take wood for fuel, and timber for the repairing of the houses and fences, and the construction of farming utensils; and this right being equal in all parts of the woodland, must, from the nature of the thing, extend to the whole, unless it be restrained or defined by the contract. A tenant, therefore, when he enters into afaim under a lease, must be construed to acquire the possession of the woodland which belongs to the same tract or parcel ofland, unless he be circumscribed by the terms of the lease; and hence ibis, that he is accountable for waste done by himself or permitted by him to be done by others; for he may, and the landlord cannot, maintain an action of trespass for an injury committed by a stranger, It follows, then, as there is no evidence that Cloak or the other tenants of Stewart’s representatives were circumscribed to their enclosure, that possession must have extended to the whole tract in controversy.
But it is in proof that one of the tenants who succeeded Cloak, absconded, as some of the witnesses term it, in the month of June of the year of his lease, and that the succeeding tenant did not enter into possession the following February; andhence.it is urged on part of Fox, that there was an interruption of the possession, and as the law requires a continued possession *384 for twenty years-, to toll a right of entry or bar a rccov; ei7 in an action of ejectment, it is contended that the rule is the same in this respect, to bar relief in a court of equity, which has by analogy adopted the limitation prescribed for making an entry on the land or bringing an action of ejectment. That the rule is and ought to b6 the same, to make an adverse possession for twenty years operate as a bar to relief in equity, as it is to render it a bar in an action of ejectment, we have no doubt. Chancellor Kent, of New York, in the case of Moore vs. Cabell, 1 John. Chan. Reports 385, has, in emphatic language, recognized this doctrine. But we cannot admit that there has been an interruption of the continuity of possession under Stewart’s title; for although the tenant left the possession, it is in proof that his father, who resided in the neighborhood, cultivated the crop which the tenant had planted, and gathered it in due season, and a part of it seems to have been put into the house, where it remained until the sue-, ceeding tenant took possession. There was, then, in fact, a continued possession under Stewart’s claim. To continue the possession; it was not necessary that one tenant should have continued to reside in the house until the other entered.
The true orí-terion of a possession of land, is the continued en-Ihe"” rofiu of it, 1
6. The true criterion of a continued possession, is the continued enjoyment of the profits. The receipt 0f the esplees or profits of land is evidence of the actu-seizin, and is sufficient to maintain a writ of right where actual seizin is held to be necessary. The receipt of the profits, then, as they continue to accrue, must evidence of a continued possession; and as there never has been a cessation of the receipt of the profits under Stewart’s claim, it results that there could have been no interruption in the possession.
We concur, therefore, with the circuit court, in the opinion that an adverse possession for twenty years under Stewart’s patent, is sufficiently established, and that it is a bar to the relief sought by Fox. It is true, that the adverse possession under Stewart’s patent for twenty years, was pleaded and relied on by Hinton alone, and not by Glen; but the bill itself charges that they hold, under Stewart’s patent, undivided moieties; and it is a clear principle, that the possession of one joint tenant or tenants in common, inures to the benefit of the other co-tenants; and, of course, if the possession for *385 twenty years, is a bar to relief against Hinton., it must. be equally a bar to relief against Glen; and though it is pleaded by the former only, it will equally avail the latter; for it is a settled rule in both courts of law and of equity, that if a matter which shews that the plaintiff has no right to recover, be pleaded by one only of several defendants, it will equally avail the others, and that the plaintiff cannot recover against them.
The decree must, therefore, be reversed with costs, and the canse be remanded, that the bill maybe dismissed with costs.