SOLOMON GOODALL *versus* THOMAS WENTWORTH.

Where notes are signed by three persons for a joint debt, each is a principal for one third, and a co-surety for the other two thirds.

If one pays another's share of the notes, after they become payable, he has a legal claim upon the third for contribution.

And if the third party voluntarily pays the one half in pursuance of such legal obligation, the law raises an implied promise on the part of him for whose benefit the notes were paid, to refund the same.

It is not essential to the support of such action, to prove an inability of the principal at the time they were paid, to pay his share of the notes.

ASSUMPSIT on the money counts. The plaintiff, defendant, and one Jordan, gave three notes of hand to John Black, dated Nov. 13, 1833, for $1198,61 each. These notes were to be equally paid by each of the three, having been given for a bond for land to be conveyed to the three in equal shares on payment of the notes. The plaintiff sold to Jordan, they agreeing in writing that Jordan should pay the amount of Goodall's liability to Black, and that it should be accounted for and allowed by the plaintiff to Jordan. Jordan afterwards purchased Wentworth's share of the bond, but did not agree to

pay his share of the notes. He then sold the bond to Dwinel, taking his obligation to pay the notes to Black. Dwinel paid the notes to Black for the benefit of Jordan. Jordan claimed of the plaintiff one half of the amount paid to Black, to which the plaintiff at first objected, but it was allowed and paid in their settlement. One sixth of the three notes then amounted to $700.

If the action could be maintained, a default was to be entered, and if not, a nonsuit.

*J. Appleton,* for the plaintiff, said that the case was, that the plaintiff and Jordan paid equally, each of his own funds, the defendant's share of the three notes, to the payment of which they were all equally liable, as sureties for each other. The notes had become due before the payment, and no benefit could be derived from the bond until payment of the notes. The plaintiff therefore can recover of the defendant the amount thus paid as his surety. And the action is rightly brought, as no joint action could be maintained by Goodall and Jordan, for the payment was not made jointly, or from joint funds. It is wholly unnecessary to show the inability of a principal to pay; but here the defendant was himself the principal. *Odlin* v. *Greenleaf,* 3 N. H. R. 70; 8 Johns. R. 249; 14 Pick. 285 2 B. & P. 268, 270; 3 Car. & P. 467; 2 Esp. R. 478; 1 Pothier, § 430; 8 Cowen, 168.

*Rowe,* for the defendant, contended, that Jordan was liable under his contract with the plaintiff to pay only his third. Such was the construction put upon it by the plaintiff himself, and it is the true one. There is no evidence of the inability of the defendant to pay. Jordan paid the defendant's third, and he alone can recover it. 2 B. & P. 268, 270, cited for the plaintiff; Saund. Pl. & Ev. 679; 13 Petersd. Ab. 779, note.

But if the plaintiff has any claim, it is a joint one with Jordan. If the latter paid for the plaintiff, as well as for himself, it can furnish only the foundation for a joint action. 5 East, 225.

The opinion of the Court was by

WESTON C. J, — Each one of the signers of the notes to Black was principal for one third of their amount, and co-surety for the other two thirds. The defendant being principal for one third, the plaintiff and Jordan became his sureties, for the payment of his proportion. The plaintiff, having sold his share to Jordan, agreed in writing, that if the latter would pay his proportion to Black, he, the plaintiff, would allow the amount, as a part of the purchase money. By the proportion of the plaintiff, thus provided for in that agreement, must be understood that part, for which the plaintiff was liable as principal; for with regard to the defendant's part, it was doubtless expected that he would pay it himself. Under that agreement, then, Jordan had no claim to be allowed by the plaintiff any sum, beyond the one third, which he had paid for him.

But Wentworth having failed to pay his part, Jordan procured Dwinel to pay it, which was the same thing as if Jordan had paid it. It was paid out of his funds, which were due to him from Dwinel. The plaintiff and Jordan, being co-sureties for Wentworth, the whole amount was paid by Jordan. This gave him a right to call apon the plaintiff for contribution. This claim the plaintiff could not legally resist. It was voluntarily paid, but in pursuance of a legal obligation. The money thus paid by him, was paid for Wentworth, and thereupon an assumpsit was raised on his part, by implication of law, to refund the money. There existed between the parties all the privity, which arises between sureties and their principal. If joint, or co-sureties pay money for their principal, they have a several right of action against him for reimbursement. *Gould* v. *Gould*, 8 Cowen, 168.

*Odlin* v. *Greenleaf*, 3 N. H. R. 270, is a case exactly in point. One of two sureties, on a negotiable note of hand, had paid and taken it up; and he had received from the other surety, the plaintiff's testator, half the amount by him paid, by way of contribution. For the moiety thus paid, the plaintiff sustained an action against the defendant, the principal. And it was there intimated, that a surety, who pays, may have a

remedy against his co-surety, without showing an inability in the principal to pay. . But it was held to be settled law, that a surety may pay the demand at its maturity, and be entitled at once to his remedy against his principal.

*Defendant defaulted.*