## HENDERSON v. HENRY.

1. A confession of judgment, by the defendant, of part of the plaintiff's demand, and a continuance of the residue, on his motion, is a consent on his part, to a severance of the claim, and it cannot afterwards be objected by him, on error, that two final judgments were rendered in the same cause.

ERROR to the Circuit Court of Butler county.

Debt by defendant in error, against plaintiff in error, on a promissory note for $580 39.

At a subsequent term of the court, the defendant confessed judgment for six hundred and thirty-nine dollars, for which sum and costs, judgment was rendered in favor of the plaintiff, and for the sum of one hundred dollars, the amount remaining due and not confessed, the cause, on the application of the defendant, was continued. At the ensuing term, a judgment was rendered for the plaintiff for $104. From this judgment, this writ is prosecuted.

The defendant assigns for error—the court rendered two judgments upon the same cause of action.

BLOUNT, for plaintiff in error, submitted the cause.

ORMOND, J.—It would certainly be irregular to render judgment final for that portion of the plaintiff's demand, which the defendant, by his plea, had omitted to answer. In such a case the final judgment must be suspended until the whole demand of the plaintiff is ascertained, for which judgment should be rendered, and one judgment be rendered for the entire amount.

46

This case does not come within this rule. The confession of judgment by the plaintiff in error, for part of the plaintiff's demand, must be considered as a consent to sever the amount so admitted to be due from the residue of the plaintiff's demand, and was doubtless made to enable him to contest the right of the plaintiff to the residue, as the record shows, that on his motion the cause, as to the residue, was continued. If this effect is not given to it, the confession of judgment by the defendant, did not avail the plaintiff any thing.

In addition, it may be remarked, that the judgment so confessed, is not brought up by the writ of error, and in the final judgment, unconnected with it, there is certainly no error.

Let the judgment be affirmed.