<hr />

[No. 5645.]

SAMUEL P. TAYLOR *v.* RACHEL ANN REYNOLDS, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF I. F. REYNOLDS.

CONTRIBUTION OF CO-SURETIES.—A surety who has satisfied the principal obligation is entitled to contribution from his co-sureties.

LIABILITY TO CONTRIBUTION PRIMARY.—The liability of the co-surety to contribution is primary, and not conditional upon the inability of the surety to recover from his principal.

NOTICE AND DEMAND—PRACTICE.—Neither notice of the satisfaction of the principal obligation, nor demand for contribution, is required before the commencement of the action for contribution.

FINDINGS MUST RESPOND TO ISSUES.—The answer presents an issue to the effect that the plaintiff held security for the payment of the promissory note, which he failed to apply to the satisfaction thereof, and the Court ought to have found upon that issue.

APPEAL from the District Court of the Fourth Judicial District, San Francisco.

Judgment was rendered for the plaintiff, and the defendant appealed. The facts are stated in the opinion.

*M. A. Edmonds*, for Appellant.

*Cowles & Drown*, for Respondent.

By the COURT:

The plaintiff and the defendant's testator were co-sureties for Preston on a promissory note. The plaintiff paid the amount due on the promissory note, and brought this action against his co-surety for contribution. The defendant, after denying the alleged payment by the plaintiff, avers upon his information and belief that before the making of the note Preston deposited with the plaintiff a large amount of available collateral securities of a value more than the amount of the note, " the said plaintiff having the full and entire control of the said collateral securities, to dispose of and apply the same to the payment of the said note when the same became due, and that the said plaintiff, as the defendant is informed and believes, still has the said securities, but neglects and refuses to apply or use the same to or towards the payment of the said note, but still retains and holds the possession thereof." The Court found for the plaintiff upon all the issues except that which is presented by the averments above cited.

The defendant's points are that the plaintiff cannot recover in this action without averring and proving that Preston is unable to respond to the plaintiff for the amount paid on the note; that the plaintiff neither gave notice of his payment, nor de-

manded contribution, before bringing the action; and that the Court made no finding upon the issue in respect to the collateral securities held by the plaintiff.

The solution of the first proposition depends upon the question whether the liability of the co-surety to contribution is primary or is contingent, that is to say, conditional upon the liability of the surety, who has paid for the debt, to recover the same from the principal.

Courts of Common Law have for many years exercised unquestioned jurisdiction to compel contribution between sureties, in the absence of positive contract to that effect, on the ground of an implied contract. And in such cases a contract is inferred from the implied knowledge of the principle of contribution by the sureties at the time when they enter into the contract of suretyship. The obligation rests upon the principle of equity—which Courts of Law will enforce—that when two persons are subject to a common burden, it shall be borne equally between them. As was said by Mr. Justice Jackson in *Bachelder* v. *Fiske*, 17 Mass. 467: " Indeed, it is difficult to conceive of a right in one party, founded on the fixed principles of justice, and recognized by the law of the land, which does not involve a corresponding obligation on the other party, and a legal obligation is a sufficient ground of an implied promise."

The usual form of action for enforcing contribution is *assumpsit* for money paid to the use of the co-surety. We see nothing in the nature of the ground of the implied promise, nor the principle from which it is inferred, nor the form of action, which tends to the conclusion that the promise of the co-surety is conditional, or that his obligation is collateral to that of the principal; but, on the contrary, it bears all the features of a primary liability. Certain cases holding the opposite doctrine have been brought to our notice, among which are *Pearson* v. *Duckham*, 3 Litt. 384, and other cases in Kentucky decided upon the authority of that case. The above case was reviewed in *Roberts* v. *Adams*, 6 Ala. 361, and the grounds upon which it is made to rest are entirely overthrown. And there are many cases from the Courts of the several States to the effect that the liability of the co-surety for contribution is primary, and

not conditional upon the inability of the surety to recover the money from the principal; and as there are no cases to the contrary in this Court, we hold that those cases place the liability of the co-surety on its proper grounds, and assign to it its proper character. (See *Bachelder* v. *Fiske*, 17 Mass. 464; *Sloo* v. *Pool*, 15 Ill. 47; *Goodall* v. *Wentworth*, 20 Me. 322; *Oddia* v. *Greenleaf*, 3 N. H. 270; 1 White & Tudor's Leading Cases in Equity, note to *Dering* v. *Earl of Winchelsea*, p. 84; 1 Parsons on Contracts, p. 31.)

Such being the liability of the co-surety at common law for contribution, has the Civil Code, secs. 2845 to 2848, wrought any change in that regard, so as to make the liability conditional upon the insolvency of the principal? We see nothing in those provisions clearly showing that it was intended that the surety should have a less favorable position, as against his co-surety, than he held at common law. It is unnecessary to enter upon an analysis of those sections, for their provisions are, as far as applicable to this case, free from ambiguity. The last portion of sec. 2848, which provides that the surety, having satisfied the obligation of the principal, is also entitled "to require all his co-sureties to contribute," etc., evidently means that the *surety* may *compel* his co-sureties to contribute.

The nature of the liability of the co-surety to the surety who satisfies the principal obligation is such, that no notice of satisfaction or demand for the contribution is required. (*Chaffler* v. *Jones*, 19 Pick. 260.)

The answer above referred to in respect to the collaterals in the hands of the plaintiff is not as direct and unequivocal as it should be; but we think that upon a fair construction it avers that the plaintiff held such collaterals, and that he might have applied the same to the payment of the note. If he so held these collaterals, they amounted to security in his hands for the payment of the note. The Court ought to have found upon that issue.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.