[Sac. No. 400.   Department Two.—December 17, 1898.]

J. D. MYERS et al., Respondents, v. SIERRA VALLEY STOCK AND AGRICULTURAL ASSOCIATION et al., Appellants.

122 669,
128 425

Corporations — Payment of Note by Sureties — Contribution Among Stockholders — Statutory Action.—An action by stockholders against other stockholders of the corporation, to enforce their liability, to contribute to the payment of a note upon which the plaintiffs were sureties, and which they have paid, does not arise out of the relation of surety, but is a statutory action to enforce the liability to them of the stockholders as principal debtors.

Id.—Subrogation—Equity—Action of Assumpsit.—The holder of the paid note had no right or remedy which required the interposition of equity to invest the sureties therewith, or to entitle them to be subrogated thereto; and equity has no jurisdiction of an action by them to enforce the liability of the other stockholders to them; but the sureties, upon payment of the note, had their action in assumpsit, as sureties, directly against the stockholders as principals.

Id.—Jurisdiction of Superior Court.—The superior court has no jurisdiction of such an action, where the amount recoverable from each stockholder is less than three hundred dollars.

Id.—Affidavit Denying Note—Confession and Avoidance.—Conceding that an affidavit of plaintiffs denying the genuineness and due execution of a note pleaded in an answer came too late, the plaintiffs nevertheless had the right to controvert the note by showing any other matters in confession or avoidance thereof.

Id.—Want of Consideration—Absence of Authority.—An admission of the genuineness of a note not purporting to have been made by the corporation does not involve an admission that it was a corporation note, and it may be shown that it was not authorized by the directors of the corporation, and was without consideration.

APPEALS from judgments of the Superior Court of Sierra County and from an order denying a new trial.   Stanley A. Smith, Judge.

The facts are stated in the opinion.

Frank R. Wehe, for Appellants.

F. D. Soward, for Respondents.

CHIPMAN, C.—The complaint sets forth the following facts: Defendant corporation made its note to Charles and Margaret Perry for $1,500 December 24, 1892, payable two years after date. It was signed by plaintiffs and by defendants Pritchard, Dolley, Darling, and Newman as sureties; the payees assigned the note to Mrs. King; she demanded payment at its maturity, and, the corporation being unable to pay, plaintiffs and Pritchard and Dolley, sureties, under a legitimate and fair effort to protect their interest in the corporation property, on May 27, 1895, paid the amount then due ($1,790), each paying $223.75 thereof, the other two sureties, Newman and Darling, being unable to pay anything. The corporation had issued but 353½ of its 500 shares of capital stock, and all the parties, plaintiffs and defendants, held shares except defendant Darling, who held none. Appellant Pritchard held 75 shares, and appellant, the literary society, 12½ shares. No other person held more than 24 shares. The complaint alleges other unpaid indebtedness of the corporation, the amount of which and the holders thereof being unknown to plaintiffs; and plaintiffs allege that "they seek in equity to be subrogated to the rights and remedies of said Mrs. King, . . . . and thus ask to enforce contribution against M. Pritchard, who owned 75 shares of the subscribed capital stock of said corporation, while plaintiffs owned but a small number (as aforesaid) of the shares thereof when said indebtedness of the said $1,500 loan was so incurred by said corporation, . . . . and pray that he pay to them his proportionate share of such indebtedness. These plaintiffs also, for the same reasons, and after their subrogation to the rights and remedies of said Mrs. King, demand contribution in equity, that each of the defendants who owned stock in said corporation when said $1,500 indebtedness was incurred pay them his proportionate share thereof." An accounting of the affairs of the corporation and a receiver are asked, and that the property of the corporation be sold and the affairs of the corporation be wound up, and that plaintiff be subrogated to the rights of Mrs. King, and "that they thus be enabled to enforce, by way of contribution, recovery from M. Pritchard and the other owners of stock of said corporation, their proportionate share of said $1,500 note and indebtedness of said corporation so paid by the sureties thereon as aforesaid."

Defendants demurred on several grounds: "1. For insuffi-
ciency of facts; . . . . 4. Want of jurisdiction in that it does
not appear that the demand of plaintiffs, or any of them, against
each stockholder amounts to $300 or over." The demurrer was
overruled and defendants answered. The answer sets up, among
other things, certain unpaid indebtedness of the corporation to
defendants Pritchard and Dolley (in addition to the said note
of $1,500) for work and labor and for money advanced to the
corporation which they allege should be paid, but does not deny
any of the material allegations of the complaint. The facts
found are substantially as alleged in the complaint, and the court
finds certain sums to be due defendants Pritchard and Dolley on
account of matters alleged in the answer. The decree adjudges
that plaintiffs recover from the corporation $1,483.44; that de-
fendant Dolley recover from the corporation $623.24; and that
Pritchard recover from the corporation $330.89; that plaintiffs
and Pritchard and Dolley be subrogated to the rights annd rem-
edies of Mrs. King to enable them to enforce by contribution
from the stockholders of the corporation their proportionate
share of its indebtedness. And to effect such recovery a joint
judgment was given plaintiffs against the defendants, "severally,
the respective amounts and the proportionate share of plaintiffs'
costs set opposite their respective names, with legal interest
thereon as follows: From M. Pritchard the sum of $121.98, with
eleven per cent, plaintiff's costs amounting to $3.87; from Sierra
Valley Literary Association the sum of $56.62, with . . . .
costs amounting to $1.23." (Here follows a statement that
judgment was entered against each of the other defendants in
favor of plaintiffs.) Judgment was also given for Dolley against
Pritchard for $64.89 and three cents costs, and against the lit-
erary society for $29.60 and forty-six cents costs; and also a judg-
ment in favor of Dolley against each of the other defendants for
the proportionate share of the indebtedness. Pritchard and the
literary society each appeals from the several judgments against
them and from the order denying motion for a new trial.

No receiver was appointed and no sale of the corporation
property ordered. The court, however, seems to have inquired
into the entire indebtednss of the corporation, and it found the
amount due on the Perry-King note to be $1,977.94, of which

$247.24 was due to each of the eight sureties who paid Mrs. King; also $330.89 due Pritchard on his separate claims; and $628.64 due Dolley on his claims, or $2,442.99 in all; and that the liability per share was $6.92. The court found also that the stockholders, whose payments have not satisfied the same, "are as to his co-stockholders yet holden for the amount of said indebtedness, in the proportion that the amount of stock held by him as hereinbefore set out bears to the 353½ shares so issued"; and judgments against the stockholders seem to have followed accordingly.

1. The point upon which appellants chiefly rely is, that the court had not jurisdiction because the demand against each defendant, exclusive of interest, was less than $300.

There was a right of action at law in Mrs. King under section 322 of the Civil Code, either joint or several against all the stockholders for their proportionate share of the indebtedness, as prescribed by that section. But, whether she had brought the action against all or each separately, the superior court had no jurisdiction as to those defendants against whom judgment was sought for a less sum than $300. (*Derby v. Stevens*, 64 Cal. 287.) She also had a right of action against the sureties, or any one of them, as they were jointly and severally liable. When the sureties paid the note, each paying $223.75, each of them had an action against the stockholders jointly or severally, under section 322, *supra*, and this right of action was good against the cosureties as stockholders the same as against any other stockholders, but it was not an action arising out of the relation of surety; it was statutory purely. (Civ. Code, sec. 322.) In this action appellant Pritchard was liable for such proportion of the whole amount ($1,790) as his 75 shares bore to 353½ shares, or $5.06 + per share, making $379.50 due from Pritchard as a stockholder. But the complaint shows that Pritchard paid $223.75 on account of this indebtedness, and plaintiffs claim from him only his proportionate share after this credit is allowed, which left him debtor only for $155.75 of the alleged corporate indebtedness, under the allegations of the complaint. The literary society held 12½ shares, and its liability was only $63.25. Many of the defendants had but one share, and their liability was but $5.06 each. We need concern ourselves, however, only as to the appellants last above named.

As to the rights of the cosureties between themselves as such, we do not see that any question arises as to appellant Pritchard, for it is alleged that he paid equally with plaintiffs, and if he was liable for a greater amount than either of plaintiffs, because he held more stock than they did, it was because he was a stockholder and not because he was a surety; and as a stockholder the remedy against him was by an action under the statute in which full relief was attainable. The literary society, was liable only as a stockholder. The question as to whether all the plaintiffs could unite to bring the action is not raised and need not be decided.

The theory of the complaint seems to be that it became necessary to bring the action on the equity side of the court in order to subrogate the plaintiffs to the rights and remedies of Mrs. King and to secure contribution from the stockholders; and having thus been compelled to go into the equity court, it then had jurisdiction to enter judgment against each stockholder although the amount was less than three hundred dollars.

Mrs. King held no securities for the debt; the action against the stockholders was not barred by statute when this action was brought; there was no right or remedy in Mrs. King which required the interposition of an equity court in order to invest plaintiffs therewith, or entitle them to be subrogated; it was not necessary to go into equity for contribution from the stockholders, because the statute gave a clear and adequate legal remedy, against them. The stockholders were liable as principals for the debt evidenced by the note. The sureties who paid it could look to them as principals (Civ. Code, sec. 322; *Derby v. Stevens, supra; Hyman v. Coleman,* 82 Cal. 650; 16 Am. St. Rep. 178); and as principals they were liable to the sureties under sections 2847 and 2848, of the Civil Code. Even among the sureties themselves the action for contribution is an action cognizable at law. (*Taylor v. Reynolds,* 53 Cal. 686.) We are unable to perceive any sufficient grounds for seeking equitable relief, and the decree shows that the whole purpose of the action was to obtain several judgments against the stockholders for their proportionate share of the indebtedness under section 322, *supra,* which in our opinion could have been accomplished by a simple action at law against each. We do not think, under the guise of avoiding a

multiplicity of suits, or to obviate an action by each plaintiff, that the present action should be sustained. In giving a joint and several action against the stockholders multiplicity of suits is avoided by the statute. (Civ. Code, sec. 322.) Where subrogation in equity is sought, the burden is on the person claiming it to show that it is necessary for his protection. (Sheldon on Subrogation, secs. 11, 19.) Here there was no such necessity because the stockholders became principals; and plaintiffs, upon payment of the note, had their action in assumpsit, as sureties, directly against the stockholders as principals. (Brant on Suretyship, sec. 205; *Taylor v. Reynolds, supra.*)

Respondents contend that although they had a remedy at law, still there was concurrent jurisdiction in equity, and Mr. Pomeroy's Equity Jurisprudence, section 139, is cited. But the author there says: "The fact that the legal remedy is not full, adequate, and complete is, therefore the real foundation of this concurrent branch of the equity jurisdiction." Where the remedy is a mere recovery of money, the case does not come under the concurrent jurisdiction, but comes within the sole cognizance of the law, unless the right of action is dependent upon or is in some way connected with some equitable feature or incident, such as fraud, mistake, accident, trust, accounting, or contribution and the like. (Pomeroy's Equity Jurisprudence, sec. 178.) It was said in *De Witt v. Hays*, 2 Cal. 463; 56 Am. Dec. 352, that "to entitle the plaintiff to the equitable interposition of the court, he must show a proper case for the interference of a court of equity, and one in which he has no adequate or complete relief at law." And Mr. Pomeroy says at section 354: "If, therefore, the facts stated in the pleadings show that the primary rights, the cause of action and the remedy to be obtained are legal, then the action is one at law, and falls within the jurisdiction at law." The action here was avowedly to obtain contribution from the stockholders, but this contribution, as we have seen, was a statutory right which was enforceable by a simple action in assumpsit in which full and adequate relief was obtainable. The complaint must be treated as stating an action at law, and the court, therefore, was without jurisdiction, the amount claimed against appellants being for less than $300 in each instance. The judgments obtained by Dolley against appellants for like reasons were erroneous.

2. In support of defendants' motion for a new trial error is assigned in allowing plaintiffs to file an affidavit at the trial denying the genuineness and due execution of the promissory note of the corporation set forth in defendant Pritchard's answer, the objection being that section 448, of the Code of Civil Procedure, requires the affidavit to be made "within ten days after receiving a copy of the answer" and that the court had no power to allow this to be done at the trial. Conceding but not deciding, that the affidavit came too late, and that the court could not allow it to be filed, plaintiffs had the right under section 462 of the Code of Civil Procedure, to controvert by evidence this new matter set up in the answer, except as to the genuineness and due execution of the note. With this exception they could show any matters in confession or avoidance. (*In re Garcelon*, 104 Cal. 570; 43 Am. St. Rep. 134.)

The Pritchard note does not on its face purport to have been made by the corporation; admitting its genuineness and due execution was not, therefore, an admission that it was the corporation note. We think the evidence tending to show that it had not been authorized by the directors and that it was without consideration was competent, as was other evidence tending to show the nonexistence of any indebtedness of the corporation to Pritchard on account of the note. This being so, if it was error to allow the affidavit it was without injury, for there was no evidence offered by plaintiff controverting the genuineness or due execution of the note in the form it appears. The evidence was conflicting, but there was evidence tending to support the findings, and they cannot now be questioned. No reason is presented for disturbing any of the judgments not appealed from, and we see no error entitling appellants to a new trial. Our conclusion is, that the judgments against Pritchard and the Sierra Literary Society, from which they appeal, should be reversed, and otherwise the judgments and the order should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgments against Pritchard and the Sierra Literary Society, from which they appeal, are reversed, and otherwise the judgments and the order are affirmed. Henshaw, J., McFarland, J., Temple, J.