[Civ. No. 607.   Third Appellate District.—September 9, 1909.]

RICHARD BRADLEY, Administrator of Estate of JAMES A. BRADLEY, Deceased, Appellant, v. E. E. BUSH, Respondent.

NOTES—ACTION AGAINST PAYEE AS INDORSER—DEFENSE—DELIVERY TO AGENT OF MAKER—CANCELLATION OF DEBT—SUPPORT OF FINDINGS AND JUDGMENT.—In an action by the administrator of a deceased holder of notes against the payee as indorser thereof, an answer to the effect that the notes were never delivered to the decedent personally, but were delivered to him solely as agent of the cor-

---

*For the official report of this case, see 9 Cal. App. 177.

poration maker thereof, to which it was intended and agreed that they should be delivered and applied solely in reduction of the indebtedness of the corporation to the payee, discloses a sufficient defense to the action, and a finding in favor of such defense upon sufficient evidence conclusively supports a judgment for the defendant.

ID.—EFFECT OF TRANSFER OF NOTE BY MAKER TO AGENT—ASSENT OF PAYEE—ADVANCES BY AGENT—BENEFIT OF MORTGAGE SECURITY—RIGHT OF ACTION NOT TRANSFERRED.—Where the payee held other notes, which with those surrendered were secured by mortgage of the maker, an agreement between the agent and the corporation maker, assented to by the payee, that if such notes were surrendered in reduction of its indebtedness the agent would advance needed moneys to the corporation and take the surrendered notes, with benefit of the mortgage security *pro tanto*, to secure the same, while it had the effect to keep the notes alive, which would otherwise be extinguished, could not have the effect to transfer any right of action against the payee as indorser, since the title of the transferee comes solely from the corporation, which had no such right of action to transfer.

ID.—DECISION UPON FORMER APPEAL UPON SAME FACTS—LAW OF CASE. The decision upon a former appeal upon the same facts which appear upon this appeal is the law of the case.

ID.—AMENDMENT OF ANSWER—CLOSE OF PLAINTIFF'S EVIDENCE—EVIDENTIARY MATTER BEARING UPON MAIN ISSUE—CREDITS OF INTEREST.—The court properly allowed the defendant at the close of the plaintiff's evidence, to which he had offered evidence as to credits of interest paid, to amend his answer so as to take issue upon such payments, which related to mere evidentiary matter as bearing on the main issue as to whether the notes were indorsed and surrendered for the purpose of cancellation, and not with the intention that they should become the agent's property with liability over against the defendant as indorser.

ID.—LIBERALITY IN ALLOWANCE OF AMENDMENTS.—Courts are liberal in the allowance of amendments, at all stages, where the rights of the adverse party are not unduly prejudiced.

ID.—EVIDENCE—AGREEMENT WITH AGENT AS TO SURRENDER OF NOTES—TERMS OF NOTES NOT VARIED.—The court properly admitted parol evidence to show the agreement between the defendant and the agent as to the surrender of the notes. It did not have the effect to contradict nor vary the terms of the notes, nor to add a new term thereto, but merely to show that the notes were canceled and ceased to have operative effect.

ID.—WANT OF CONSIDERATION—PLEADING—ADMISSION OF EXECUTION AND GENUINENESS.—Where want of consideration for the indorse-

ment of the notes is pleaded, it may be proved, notwithstanding admissions of the execution and genuineness of the notes for failure to deny them.

ID.—ABSENCE OF PREJUDICIAL ERROR.—*Held*, that even if error were conceded, there is no prejudicial ruling in the case, which would affect the substantial rights of the appellant, or which would justify a reversal of the case.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Appellant.

Lamberson & Lamberson, for Respondent.

CHIPMAN, P. J.—The action is to recover judgment against defendant as indorser of two promissory notes for $1,000 each, executed by the Sunset Vineyard Company, payable to defendant, dated January 25, 1892, and falling due on or before January 1, 1898. The notes not being paid at maturity, were duly protested and notice of nonpayment given defendant. Plaintiff's intestate died December 19, 1894, and the notes came into plaintiff's possession among other effects of deceased. Defendant refused payment and hence this suit.

The principal contention of plaintiff is that Finding II is not supported by the evidence. Paragraph "2" of the amended answer set forth the defense to the action as follows:

"The defendant denies that he did, at any time prior to the first day of February, 1894, or at any other time, whatever, or at all, for value received, or at all, duly or otherwise, indorse or transfer or deliver said promissory notes set out in the complaint, or either of them, to James A. Bradley, plaintiff's intestate named in said complaint.

"But, on the contrary thereof, defendant alleges: That long prior to the first day of February, 1894, this defendant wrote his name upon the back of said notes, and each of

11 Cal. App.—19

them, and thereupon placed said notes in the possession of M. W. Upton, at the city of San Francisco, and thereafter agreed with the said James A. Bradley and with the Sunset, Vineyard Company, that the said defendant would surren-- der and deliver up the said promissory notes to said Sunset Vineyard Company, and thereupon instructed the said M. W. Upton to deliver the two promissory notes set out and de-- scribed in the complaint herein to the said Sunset Vineyard Company, and that thereafter the said James A. Bradley re-- ceived the said promissory notes from the said M. W. Upton, acting as the agent of the said Sunset Vineyard Company, and, as defendant is informed and believes, thereafter re-- tained the said notes in his possession until the death of the said James A. Bradley.

"That said order to the said M. W. Upton for the delivery of said notes to the said Sunset Vineyard Company was made for the purpose of surrendering up to the said Sunset Vine-- yard Company the said evidence of indebtedness, and for the purpose of canceling the same, and not with the intention that the same should ever become the property of the said James A. Bradley or that said James A. Bradley should have any right or interest therein."

The court, in Finding II, finds the facts substantially as averred in the amended answer, and in Finding VII finds "that all the allegations of paragraph '2' of the 'further and separate answer and defense herein' set forth and con-- tained in the amended answer herein are true."

The cause was tried once before and judgment given for plaintiff. On appeal the first district court of appeal re-- versed the judgment. (*Bradley* v. *Bush,* 1 Cal. App. 516, [82 Pac. 560].) Guided by the principles enunciated by the appellate court, the learned trial judge at the second trial, upon facts substantially the same as those appearing at the first trial, entered judgment for defendant. The supreme court denied a rehearing in that court on the first appeal, thus affirming the principles of law involved. We feel re-- lieved, therefore, from an extended discussion of either the facts or the law of the case. Upon sufficient facts the court. made the finding complained of, which was as follows:

"That said defendant did not at any time indorse or transfer said promissory notes, or either of them, to one James A. Bradley, but did prior to December 19, 1894, cause said promissory notes to be delivered to said James A. Bradley, but did not cause said delivery to be made with any agreement or intention on the part of said defendant or of said James A. Bradley, that the title to or ownership of said promissory notes, or either of them, should thereby or at all be transferred from the defendant to said James A. Bradley; but, on the contrary thereof, such delivery of said promissory notes, and of each of them, was made upon the understanding and agreement between said defendant and said James A. Bradley, that said promissory notes, and each of them, were delivered to James A. Bradley, as an agent of said Sunset Vineyard Company, a corporation, to be canceled and retired so as to reduce the indebtedness owing by said Sunset Vineyard Company."

Speaking of defendant's offer to prove certain facts by witness Upton (he testified at the second trial to those facts), which the lower court refused to allow on the ground that "there is the same evidence before the court now," and that there cannot "be any dispute as to the facts of the case at all," which ruling was held to be error, the appellate court said:

"From this it appears that the court understood the transaction as stated above; but it will be observed that the declarations of Bradley to Upton had not been proved, and that the testimony offered as to these was not only new, but of material importance. For, the transaction being as stated, it would follow that Bush did not indorse, transfer, or deliver the note to Bradley, but to the company; as to which the transfer and indorsement could create no obligation (Civ. Code, sec. 3116); nor, indeed, could it have any effect other than that of a mere relinquishment or surrender of his title to the company. The ordinary effect of such a transaction would be to extinguish the obligation itself; but here, by agreement between Bradley and the corporation, assented to by Bush—who held the other notes—the note was not to be canceled, but was to be transferred by the latter to Bradley, to be held by him as evidence of its debt, with the benefit

of the mortgage security. Such an agreement would doubtless be valid, and its effect would be to keep the note alive and to vest the title in Bradley. But—assuming the facts to be as stated in the offer of proof—his title would come to him from the company, and there would be no contract of transfer or indorsement between him and Bush; nor, indeed, any direct contractual relation whatever. Nor could Bradley acquire from the company any right of action against Bush; since the company itself by the transfer or surrender to it of its own obligation did not acquire such right of action."

The principles here announced must be regarded as the law of the case, for they rest upon substantially the same facts in all material particulars as gave rise to the decision at the last trial.

Defendant was permitted to amend his answer at the close of plaintiff's evidence. Plaintiff objected on the ground that there had been an unreasonable delay in making the request, and on the further ground that "in the proposed amended answer some of the matters are denied which, under our contention, were admitted in the first answer in the case"; citing *Bank of Woodland* v. *Heron*, 122 Cal. 107, [54 Pac. 537]. The complaint was not verified nor was the answer. Defendant asked leave to amend and verify his amended answer "so as to deny the genuineness and due execution of the indorsements." Counsel for defendant stated that the answer had been treated as sufficient at the former trial, but having some fear that it might not now be so regarded, he sought to make the amendment. In the original answer defendant admitted the execution of the notes and "his indorsement" of the notes set out in plaintiff's complaint— referring, apparently, to writing his name on the back of the notes. There were two indorsements showing receipt of interest, as to which plaintiff offered some evidence, and it was as to these that the proposed amendment related. In the case cited by appellant the lower court refused the proposed amendment. The supreme court sustained the ruling on the ground that the proposed amendment was not in the interest of justice (Code Civ. Proc., sec. 473); and "the defense under the circumstances was highly inequitable." Courts

are liberal in allowing amendments to pleadings, and at all stages, where the rights of the adverse party are not unduly prejudiced. In the present instance, the amendment was but a specific denial of facts alleged and which plaintiff endeavored to establish by evidence. Furthermore, the indorsements, negatived by the amendment, were merely evidentiary as bearing upon the main issue, namely: Were the notes indorsed and surrendered for the purpose of cancellation and not with the intention that they should become the property of Bradley with liability over against defendant as indorser?

The court, we think, properly overruled the objection to the evidence regarding defendant's agreement with James A. Bradley in the surrender of the notes. Its object was not to contradict or vary the terms of the written instruments sued upon, nor did it have the effect to add any new terms thereto. As was said in *Guidery* v. *Green*, 95 Cal. 630-634, [30 Pac. 786, 787] : "Its purpose was to show that the agreement had been canceled by consent, and had no longer operative effect." And it was there held that in such case "the objection that the written agreement could be altered only by an agreement in writing, or by an executed oral agreement (Civ. Code, sec. 1698) has no application to the facts offered to be shown."

So, also, may want of consideration be shown, when pleaded as was done here, even though due execution and genuineness of an instrument be not denied. (*Brook* v. *Johnson*, 122 Cal. 569, [55 Pac. 423] ; *Myers* v. *Sierra Valley etc. Assn.*, 122 Cal. 669, [55 Pac. 689].)

We find no errors of law among those further pointed out which seem to call for notice. In no instance, even conceding error, is a reversal called for, or is there anything which would affect the substantial rights of the appellant. (Code Civ. Proc., sec. 475.)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.