[In Bank—November 5, 1883.]

E. M. DERBY ET AL., RESPONDENTS, *v.* C. F. STEVENS, AND H. W. THOMAS, APPELLANTS.

JURISDICTION—SUPERIOR COURT—STOCKHOLDERS.—A Superior Court has no jurisdiction of an action to recover from a stockholder of a corporation his proportion of a debt contracted by the corporation, where the amount sued for is less than three hundred dollars.

ID.—PLEADING—AMOUNT DEMANDED.—In an action under the provisions of section 322 of the Civil Code against a number of stockholders to recover several judgments for proportionate amounts of a debt of a corporation, a Superior Court has no jurisdiction of the action as to those defendants against whom judgment is demanded for a sum less than three hundred dollars.

ID.—COMPLAINT.—If more than three hundred dollars is demanded in the complaint, the Superior Court acquires jurisdiction, and may render judgment for a less amount than three hundred dollars.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was against the appellants and eight others to recover several judgments for proportionate amounts of a debt due plaintiff from the Livermore Coal Mining Company, a corporation of which the defendants were stockholders. Only the defendants Thomas and Stevens appeal. The amount claimed against Thomas was three hundred and ninety-three dollars; that against Stevens was two hundred and eighty dollars. Less than three hundred dollars was claimed against either of the other defendants.

*Curtis H. Lindley*, for Appellants.

*H. A. Powell, E. B. & J. W. Mastick*, and *Arthur Rodgers*, for Respondents.

McKINSTRY, J. — From the moment a debt is created by a corporation each of the then stockholders becomes primarily liable for his proportion of such debt. Neither by the Constitution, nor by any statute, are the several stockholders made jointly liable to each of the creditors of the corporation. Section 322 of the Civil Code authorizes two or more separate actions to be united in one, but the issues to be joined between the plaintiff and each of the defendants are separate, and may be very different, and by the express language of the section a several judgment must be rendered as between the plaintiff and each of the defendants.

The present action was brought in the District Court.

The sixth section of article vi. of the Constitution of 1849, as amended in 1862, provided: "The District Court shall have original jurisdiction . . . . in all cases at law . . . . . in which the demand exclusive of interest . . . . amounts to three hundred dollars," etc.

Under the former Constitution, to bring a case under section 322 of the Civil Code within the jurisdiction of the District Court, a plaintiff had to allege as due to him three hundred dollars or more, from one or more, or all of the defendants separately. A *demand* supposes a tribunal or person on whom it is made; the demand spoken of in the Constitution is a demand for judgment, evidenced by the prayer of a complaint, and a statement of facts which can uphold the judgment prayed

for. If a stockholder's proportion of a certain debt is less than three hundred dollars, and the creditor sues the stockholder for such proportion, the former does not demand a judgment against the latter for three hundred dollars or more. If the creditor shall unite as defendants other stockholders, the proportion of each of whom is less than three hundred dollars, the creditor does not demand a judgment of three hundred dollars or more against the defendants severally, nor does he demand (under section 322 of the Civil Code he is not authorized to demand) a judgment for three hundred dollars or more against the defendants jointly. In such case the plaintiff does not pretend to demand a judgment against any one for three hundred dollars or more; he demands a several judgment against each of the defendants in a sum less than three hundred dollars. If the creditor demanded a judgment for more than three hundred dollars against one of the defendants only (as in the case before us), the District Court had jurisdiction only to render a judgment based upon such demand—a demand for judgment against the particular defendant.

The section of the Civil Code does not purport to provide that the actions therein authorized may be brought in the District or Superior Court, without regard to the judgments demanded; it provides that certain actions may be brought. The matter of jurisdiction is left intact, and a party proposing to bring the suit must select the appropriate forum. If· he demands a judgment against one of the stockholders, defendants, or a several judgment against more than one, for three hundred dollars or more, the Superior Court has (as the District Court had) jurisdiction to render a judgment against such defendant or defendants. If in the same action he demands a judgment for less than three hundred dollars against any of the defendants, the Superior Court has no jurisdiction to enter a judgment in plaintiff's favor against those defendants of whom he has so demanded less than three hundred dollars.

But when the plaintiff has demanded three hundred dollars or more as against any defendant, the District Court had, and the Superior Court has jurisdiction to enter a judgment for less than three hundred dollars against such defendant.

The action should have been dismissed as to all the defend-

ants except H. W. Thomas, and a judgment entered against him for $280.65.

Whether the judgments be or be not valid as against the defendants, other than Stevens or Thomas, inasmuch as Stevens alone has appealed, we are only required to order that the judgment be reversed as to defendant Stevens.

There is no authority for the joint judgment for costs against all the defendants. This action is for the recovery of "money or damages," and plaintiff has recovered no judgment, joint or several, for three hundred dollars or over. (Code Civ. Proc. § 1022.) Plaintiff was not entitled to any costs. It is not necessary to decide whether, in case he had recovered several judgments against two or more of the defendants, plaintiff would have been entitled to full costs against each, or whether the court could divide the costs.

Judgment reversed and cause remanded with direction to the court below to enter judgment in accordance with the views herein expressed.

MORRISON, C. J., ROSS, J., and McKEE, J., concurred.