[Sac. No. 992.   Department Two.—December 23, 1903.]

T. E. WINROD et al., Appellants, v. J. C. WOLTERS et al., Respondents.

PREFERRED CLAIMS OF LABORERS FOR WAGES—CONSTRUCTION OF CODE—LIEN NOT GIVEN.—Section 1206 of the Code of Civil Procedure, giving preferred claims to laborers for their wages, provides a remedy for their enforcement which is exclusive, and creates no lien upon the debtor's property which can be enforced or foreclosed in equity.

ID.—INJUNCTION—DISMISSAL OF ATTACHMENT SUIT—ENFORCEMENT OF LIEN.—Laborers having preferred claims cannot maintain an injunction to prevent an attaching creditor from dismissing his attachment suit after notice given to such creditor of their preferred claims according to law; nor can they enforce a lien in equity as against such creditor and the debtor and the sheriff who levied the attachment.

ID.—JURISDICTION OF SUPERIOR COURT—VOID JUDGMENT AND EXECUTION. —Several laborers, no one of whom has a claim equal to three hundred dollars, and who have no joint interest, cannot give jurisdiction to the superior court by a joinder of their several claims in one action. The superior court had no jurisdiction of the subject-matter of said action, and no power to render a joint judgment in favor of the

several plaintiffs. Such judgment is void upon the face of the record, and the execution issued thereupon is void, and was properly quashed.

APPEALS from a judgment of the Superior Court of Sierra County and from an order denying a new trial, and from an order quashing execution. Stanley A. Smith, Judge.

The facts are stated in the opinion.

F. D. Soward, for Appellants.

The suit was in equity. The fact that the claims when established would be the subject of a preferred lien upon the funds in the hands of the sheriff distinguished this action from a mere suit for wages. (*Edsall* v. *Short*, 122 Cal. 533; *Kimball* v. *Richardson*, 111 Cal. 386.) The judgment was not void because the court granted part only of the relief prayed for.

Frank R. Wehe, for Respondents.

The plaintiffs had no lien upon the property, but a purely statutory remedy. (Code Civ. Proc., sec. 1206.) The legal remedy cannot be aided in equity. (1 Jones on Liens, sec. 94; *Buchan* v. *Sumner*, 2 Barb. Ch. 165.[1]) The judgment rendered was void for want of jurisdiction, and is no judgment. (*Myers* v. *Sierra Valley etc. Assn.*, 122 Cal. 669; *People* v. *Green*, 74 Cal. 405;[2] Freeman on Judgments, sec. 117.) The execution was therefore void, and was properly quashed.

GRAY, C.—The defendant Wolters commenced an action against Bullock, Whitmore, Turner et al., as mining partners doing business under the firm name of Harmonia Mining Company. In said suit a writ of attachment issued, and under it the sheriff took into his possession certain property supposed to belong to the copartnership defendants in said action. Thereupon the plaintiffs in this case, under the provisions of section 1206 of the Code of Civil Procedure, gave notice by verified statements of their claims against the defendants in that case for labor performed within sixty

[1] 47 Am. Dec. 305.          [2] 5 Am. St. Rep. 448, and note.

days next before said attachment, which notice was served
as provided by the statute. It was then discovered by the
plaintiff therein, Wolters, as well as by the labor claimants,
that the Harmonia Mining Company was a corporation, and
not a partnership, and nothing further was done in that
action. The labor claimants then commenced the action now
before us on appeal, in which they make Wolters, the Har-
monia Mining Company (a corporation), and Busch, the
sheriff who levied the attachment, defendants.

The complaint sets up the foregoing facts and avers "that
the plaintiffs have no speedy or adequate remedy at law or
by motion in said suit No. 1002 (the attachment suit), and
that the Harmonia Mining Company (a corporation) is in-
solvent." It also alleges: "That these plaintiffs heretofore
moved in said case, No. 1002, for an order requiring the
aforesaid sheriff to sell said attached property, but that
the court on the objection of said J. C. Wolters denied the
motion, and that they thereafter moved in said case for per-
mission to file a cross-complaint therein, alleging substantially
the same facts as are herein alleged and bringing in said
sheriff and said Harmonia Mining Company (a corporation)
as new parties, but that this motion, like the other, was on the
objection of said J. C. Wolters, denied."

It is also averred that unless restrained Wolters will at-
tempt to dismiss the suit No. 1002 and attempt to release
the property from attachment. The prayer of the complaint
is, that Wolters be enjoined from the threatened dismissal
and release; that the lien of these plaintiffs as preferred
creditors under said section 1206 on the attached property,
be foreclosed, and said property sold to satisfy the demands
of these plaintiffs, together with costs; and that plaintiffs
have a deficiency judgment against the corporation, and gen-
eral relief. The defendants answered, a trial was had, result-
ing in a judgment denying plaintiffs all relief except a money
judgment against the corporation for the aggregate amount
due them. Execution was issued upon this judgment and
levied upon the same property taken in the attachment suit.
Thereupon Wolters moved to quash the execution on the
ground that the judgment is void for the reason that the
demand sued on by any of the plaintiffs does not equal, but

is less than, three hundred dollars. This motion was granted. The plaintiffs appeal from that part of the judgment denying the foreclosure and equitable relief, and from an order denying them a new trial, and also from the order recalling and quashing the execution.

We think the refusal of the equitable relief was correct. In the first place, section 1206 of the Code of Civil Procedure gives only a preferred claim against the debtor and prescribes the manner of enforcing this claim. It carries with it no lien upon the debtor's property, and says nothing about a lien. When the legislature intends to give a lien, it says so, and prescribes the conditions under which it shall exist, as in the Mechanics' Lien Law and in the statutes giving laborers liens upon certain property. Had the legislature intended to confer a lien in the case under consideration, there was nothing to prevent it from saying so in apt words. It must be, then, that the law confers no lien, and there being no lien there could be no foreclosure.

Nor can the equitable jurisdiction of the court be invoked where the parties have an adequate remedy at law. A plain, speedy, and adequate remedy at law was open to the plaintiffs. When they discovered that the defendant was a corporation and not a partnership, they might have brought attachment suits in the justice's court (their respective claims being under three hundred dollars) and attached all this property as the property not of any partnership but as the property of the corporation. If they had found attachments ahead of theirs against the corporation, they could then have proceeded to enforce their preferred labor claims under the statute; or if the plaintiffs had sought to amend their complaint in the original action against the partnership so as to make the corporation a defendant therein, then also these labor claims could be secured under the statute. The plaintiffs have gone out of their way in asking for relief of an equitable nature when they had an ample remedy at law.

We also think the action of the court proper in quashing the execution and ordering the property released therefrom.

The complaint in this action shows affirmatively that no plaintiff has a claim against the corporation defendant equal to or greater than three hundred dollars. It also shows that

plaintiffs had no joint interest in the aggregate of their claims, but that each had a separate. claim, and was entitled only to a separate judgment against the corporation for the amount of his claim. The court, therefore, had no power to enter the joint judgment that it did enter, and, the several claims each being less than three hundred dollars, no jurisdiction of the subject-matter of the action. The judgment was therefore void on the face of the record, and the execution likewise void. And it is immaterial whether the other creditors of the corporation had such interest as would entitle them to move in the premises or not. The court has the power of its own motion to declare that void which clearly appears to be void on the face of the records. (*People* v. *Greene*, 74 Cal. 400.[1]) And the court's action in reference to the execution may be upheld on this theory.

We advise that the order quashing the execution be affirmed, that the judgment appealed from be affirmed as it now stands, and that the order denying a new trial be also affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order quashing the execution is affirmed, and the judgment appealed from is affirmed as it now stands, and the order denying a new trial is also affirmed.

McFarland, J., Lorigan, J., Henshaw, J.