[Civ. No. 628. Second Appellate District.—May 28, 1909.]

EDMUND B. MOORE, Appellant, v. NELSON GROFT-HOLDT and MRS. NELSON GROFTHOLDT, Respondents.

REPLEVIN OF CATTLE—PURCHASE BY DEFENDANTS—CHANGE OF RIGHT TO DESERT LANDS—VALID CONTRACT.—In an action of replevin for cattle, defendants may plead and prove a purchase of the same as part payment under a contract by defendants in possession of desert lands of the United States having a preference right to file thereon, with the plaintiff, whereby in consideration of the cattle and of $250 to be paid by plaintiff, defendants agreed to surrender possession of said lands to plaintiff, and to relinquish defendants' preference right of purchase, so that plaintiff could file thereon, as he wished to do. There is nothing in the laws of the United States or of the land department affecting the validity of such contract.

ID.—PERMISSIBLE CHANGE UNDER DESERT LAND ACT.—It is permissible for one in possession of desert land open to filing under the Desert Land Act to surrender the possession thereof to another, and to file a relinquishment of any right to file thereon, to the end the party so taking possession may himself file upon the land, and after compliance with the act of Congress may obtain a patent thereto.

ID.—SUPPORT OF FINDINGS AS TO PURCHASE OF CATTLE AND TERMS OF CONTRACT—CONFLICTING EVIDENCE.—*Held,* that notwithstanding conflicting evidence as to the precise terms and considerations of the contract between the parties, there was sufficient evidence to support the findings for the defendants that the relinquishment of defendants' preference right to purchase the land filed in the land office by the plaintiff, and the surrender of the possession to the plaintiff was full consideration for the purchase of the cattle, and for the promise to pay the money, upon which $100 had been paid.

ID.—PLEADINGS IN REPLEVIN SUIT—RIGHTS OF PARTIES DEFENDANT UPON CONTRACT—ISSUES—COUNTERCLAIM—JURISDICTION OF COURT. Where the complaint in the replevin suit was based upon an alleged contract which left the title to the cattle in plaintiff, and the answer took issue thereon, and set up the true terms of the contract in defense and counterclaimed the sum of $150 due under the contract, the court, in rendering judgment for defendants, properly adjusted all differences between the parties and rendered judgment upon the counterclaim.

ID.—PROPER JUDGMENT FOR DEFENDANTS IN REPLEVIN.—Where plaintiff took and retained possession of the cattle in the replevin suit, and their value was fixed by the pleadings, the court properly rendered judgment, upon suitable findings, that the defendants have restitution of the property claimed and delivered to plaintiff, or in case delivery cannot be had, for the agreed value thereof and for ascertained damages for the wrongful taking and detaining of the property, and for the amount due upon the contract between the parties, as set out in the counterclaim.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

F. P. Willard, and James I. Shepherd, for Appellant.

Eshleman & Swing, for Respondents.

ALLEN, P. J.—In the action instituted by plaintiff against defendants the complaint filed set out a certain contract and agreement between plaintiff and defendants, under which it was claimed that defendants obtained possession of a certain band of cattle the ownership and right of possession to which was in plaintiff. It is alleged that under this agreement defendants undertook to transfer certain real property to plain-

tiff, in consideration of which plaintiff agreed to deliver the band of cattle mentioned and to pay defendants $250 in addition. That plaintiff surrendered possession of the cattle under an agreement that the title thereto should remain in plaintiff until the transfer of said real estate; that at the same time plaintiff loaned to defendants $100. And it is averred that defendants failed to transfer said real estate, or to repay said $100 so loaned, upon demand. Judgment is accordingly sought for the recovery of the personal property; or, in case restitution cannot be had, that plaintiff have judgment for the value thereof, to wit: $450; and, also, $250 damages for the wrongful detention, and $100, the amount of the loan.

Defendants admit the contract set out in the complaint, but allege that they never agreed to transfer any real estate, or to do any act other than to refrain from exercising a preference right to enter and file on certain described real estate; and allege that they performed all the conditions of said contract on defendants' part to be performed. Deny that they borrowed the sum of $100, or ever promised or agreed to deliver over the personal property, or to pay said $100. By way of further answer and counterclaim, defendants set forth an agreement wherein defendants agreed to refrain from the exercise of a preference right to file on the tract of land described, in consideration of which the cattle were delivered and the promise to pay $250 was made, and that the sum of $100 was part payment of the sum of $250, that the sum of $150 remains unpaid, which they have demanded; and allege that they performed all of the conditions upon their part to be performed. They pray judgment for the restitution of the property, or for $450, the value; judgment for $150, the amount unpaid on the contract; and $250 for the wrongful detention of the property. It also appears that plaintiff under the proceedings obtained possession of the cattle and held such possession at the time of the trial of the action.

The court finds as a fact that the agreement between the parties was, that defendants were to transfer all their right and interest, and all right and interest which they might subsequently acquire, to a certain piece of property to plaintiff; that they acquired a preference right to file upon such land and refrained from exercising the preference right, which waiver was accepted by plaintiff as in performance of the

agreement to transfer an interest in the property, and that upon the receipt whereof plaintiff paid the $100 and delivered the personal property. That there is unpaid $150, the balance of the $250 agreed to be paid; that at the commencement of the action defendants were the owners of the cattle and that they were of the value of $450; that by reason of their taking and detention under the claim and delivery by plaintiff, defendants have been damaged in the sum of $100. And the court thereupon rendered a judgment in favor of defendants for the restitution of the property the subject of the claim and delivery; or, in case delivery cannot be had, judgment for $450, the value thereof; $100 as damages for the wrongful taking and detaining same; and for $150, the balance due upon the contract between the parties. From this judgment plaintiff appeals.

The appeal is taken under the alternative method, and the reporter's transcript of the testimony is on file in this court. From this it is seen the relinquishment of the right to file on the land mentioned in the pleadings and findings of the court was the relinquishment of a right by defendants to file upon certain desert land then in their possession which they had undertaken to reclaim under the Desert Land Act, [19 Stats. 377, U. S. Comp. Stats. 1901, p. 1548], and under which act they were entitled to make a filing. That plaintiff desired to file thereon, and that defendants formally executed a written relinquishment of their right and delivered the same to plaintiff, who caused the same to be filed with the register and receiver of the United States land office at Los Angeles. The court finds, and there is some evidence in its support, that the execution of such a relinquishment was intended and agreed by the parties to be the full consideration to be paid for the delivery of the cattle in controversy. The testimony was very conflicting, but it was for the trial court to determine the facts, and, as it found them, they must be regarded as established. We do not understand that there was anything in this agreement to relinquish the preference right of filing violative of any law of the United States, or rule of the land department, in connection with these desert land entries; that it is permissible for one in possession of desert land open to filing under the Desert Land Act to surrender the possession to another and file a relinquishment of any rights to file

thereon, to the end that the parties so taking possession may themselves file upon said land, and, after compliance with the act of Congress, obtain a patent thereto.

The action as brought by plaintiff, while ostensibly one in the nature of claim and delivery, was, nevertheless, an action based upon a contract between the parties, and the relief asked for by plaintiff was concerning such contract, and the affirmative relief sought by defendants through their counterclaim depended upon the contract and transaction upon which the action was brought. Under the authority of *Sullivan* v. *California Realty Co.*, 142 Cal. 206, [75 Pac. 767], we feel warranted in holding that, regardless of the amount involved in the counterclaim, the defendants were entitled to have all differences adjusted, and that jurisdiction attached in the trial court to make such appropriate findings and judgment as would effectually settle and adjust such differences. There is very little in the record by way of evidence tending to show the damages occasioned by the wrongful taking of the property by plaintiff, but it being shown that among the cattle were a large number of milch cows and that the use of such cows per week was a fixed sum, which fact, taken in connection with the lapse of time after such taking, is sufficient to sustain the finding of the court in relation to the $100 damages for the wrongful detention of the property. The value of the property is set out in all the pleadings by both parties, and it is conceded to be $450.

We see no error in the action of the court in awarding judgment in defendants' favor for the restitution of the property; or, if the same cannot be had, for $450, the value thereof; and $100 damages, together with an additional judgment for the amount found to be due and unpaid to defendants under the contract and as set out in the counterclaim.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.