[L. A. No. 13845. In Bank.—December 20, 1932.]

D. C. HAMMELL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Dana R. Weller and Thomas H. Hearn for Petitioner.

Paul Overton and Neil G. Locke, *Amici Curiae* on Behalf of Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross and S. V. O. Prichard, Deputy County Counsel, for Respondents.

Charles F. Lowry, Arthur L. Johnson and Leo L. Shaumer, *Amici Curiae* on Behalf of Respondents.

WASTE, C. J.—Petitioner, as one of the defendants in an action pending before the respondent Superior Court, seeks by this proceeding to prohibit the respondent Judge from signing findings of fact and entering judgment therein. The request for such relief is grounded upon the claim that the respondent court and judge are without jurisdiction to hear and determine the cause. It appears that the chief of the division of labor statistics and law enforcement commenced an action to collect certain wages, the claims for which had been duly assigned to him for that purpose, owing by the petitioner and his copartners to the plaintiff's several assignors. No question is here raised as to the legality of the assignments or as to the propriety of the joinder of the several causes of action. Those matters are not of a jurisdictional nature.

Considered separately, the several assigned claims are each less than the jurisdictional minimum of the Superior Court.

Collectively, however, they exceed such minimum. We must, therefore, determine whether the Superior Court has jurisdiction of an action at law wherein the aggregate of the amounts demanded in the complaint equals or exceeds the amount required to confer jurisdiction upon such court, but wherein the component parts of the demand are two or more separate causes of action, properly united in one plaintiff, the amount of each of which, standing alone, is less than the jurisdictional minimum of the Superior Court.

■ While the decisions of other states are not in complete accord upon this proposition (15 Cor. Jur. 768–771, secs. 64, 65; 7 R. C. L. 1055, sec. 91), it has long since been settled in this state that where separate causes of action, properly joinable, are united in a single plaintiff and set forth in a single complaint, the Superior Court has jurisdiction, to the exclusion of inferior courts, if the aggregate of the several claims equals or exceeds the jurisdictional minimum of the Superior Court, although no one of the claims equals such jurisdictional minimum. (*Bailey* v. *Sloan,* 65 Cal. 387 [4 Pac. 349]; *Ventura County* v. *Clay,* 114 Cal. 242 [46 Pac. 9]; *Galloway* v. *Jones,* 72 Cal. xxi [13 Pac. 712].)

■ When, as here, the jurisdiction of a court depends upon the amount in controversy, the complaint, as a whole, is to be examined to determine whether or not jurisdiction exists. (*Consolidated Adj. Co.* v. *Superior Court,* 189 Cal. 92, 94, 95 [207 Pac. 552]; *Calloway* v. *Oro Min. Co.,* 5 Cal. App. 191, 194 [89 Pac. 1070].) If under the allegations of the complaint the plaintiff is entitled to an amount equal to or in excess of the Superior Court's jurisdictional minimum, that court has jurisdiction of the cause even though the demand be made up of several component parts. This rule, of necessity, applies only to those cases where the total demand concerns and affects all the parties to the litigation. It is without application to a suit where several complainants, acting individually and not jointly, are seeking to enforce their respective claims against a single defendant, each claim being less than the jurisdictional minimum (*Winrod* v. *Wolters,* 141 Cal. 399, 402, 403 [74 Pac. 1037]; *Colla* v. *Carmichael U–Drive Autos, Inc.,* 111 Cal. App. (Supp.) 784 [294 Pac. 378]), or to a case where a single plaintiff is seeking to enforce separate demands against several defendants, the amount

demanded of each defendant being under the jurisdictional minimum (*Myers* v. *Sierra Valley etc. Assn.*, 122 Cal. 669 [55 Pac. 689]). The complaint here involved indicates that the plaintiff is seeking from each defendant an amount in excess of the jurisdictional minimum of the respondent Superior Court. This being so, the cause is within its jurisdiction.

Petitioner concedes the rule to be as above stated, but contends for a different rule where, as here, the several joined claims have been assigned to a single plaintiff solely for purposes of collection. We see no real or substantial reason for such a distinction. It is now well settled that an assignee for collection is the legal owner of the chose in action and entitled to sue thereon. (*Morrison* v. *Veach*, 190 Cal. 507, 511 [213 Pac. 945]; *Greig* v. *Riordan*, 99 Cal. 316 [33 Pac. 913].) The distinction contended for by petitioner would tend only to confusion for it would result in one rule where the assignment was of both the legal and equitable interest and a substantially different rule where the assignment was merely of the legal interest and solely for purposes of collection. In such cases the jurisdiction of our courts should not be made to depend upon the character of the plaintiff's ownership of the chose in action. It is sufficient if plaintiff has the capacity to sue and the aggregate amount demanded falls within the jurisdictional limits of the court in which the suit is commenced.

The alternative writ of prohibition heretofore issued is, therefore, discharged.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.