[Civ. No. 8587. Second Appellate District, Division Two.—December 23, 1932.]

TRINIDAD BEAN & ELEVATOR COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Chotiner, Recht & Chotiner and Alfred Gitelson for Petitioners.

C. E. McDowell and W. M. Greathouse for Respondents.

CRAIG, J.—In an action commenced in the Superior Court of Los Angeles County against the petitioners herein praying judgment for an aggregate sum within the jurisdiction of said court, demurrers to four counts of the complaint which alleged demands for lesser amounts were overruled. The defendants thereupon petitioned for a writ of prohibition to restrain further proceedings in said action. It is averred by the petitioners that the complaint consisted of seven separate counts or causes of action, the first for an amount exceeding $10,000 and each of the others for sums less than $2,000; that the defendant corporation holds cross-demands some of which do not amount to $2,000 and are within the jurisdiction of the municipal court; and that said superior court is without jurisdiction to entertain the suit upon the aggregate amount, or to permit the assertion of said defenses.

It is not contended that any of the claims for less than $2,000 are improperly joined with the one exceeding $10,000, and since such joinder is permitted and it may be said even encouraged to prevent a multiplicity of suits, it is obvious that this could not be accomplished if petitioners' contention were upheld, for the principal cause of action is within the exclusive jurisdiction of the superior court.

In an action wherein a number of plaintiffs united each of their small demands, praying judgment for an amount within the jurisdiction of the superior court it was held that while ordinarily the *ad damnum* clause when stated in good faith affords the test of jurisdiction, since it is the larger demand which is litigated, yet said court had not jurisdiction because the plaintiff's claim amounted to less than that of which the justice's court took cognizance. (*Miller* v. *Carlisle*, 127 Cal. 327 [59 Pac. 785].) Nevertheless, the courts will scrutinize pleadings when necessary to ascertain the real amount actually in controversy, and such amount when determined must be held the criterion of jurisdiction. (*California Cured Fruit Assn.* v. *Ainsworth*, 134 Cal. 461 [66 Pac. 586]; *Lehnhardt* v. *Jennings*, 119 Cal. 192 [48 Pac. 56, 51 Pac. 195].) The amount of the plaintiff's alleged claim against the petitioners being in excess of that which determines the election of jurisdictions, we are aware of no rule precluding the joinder of other causes though they be assigned. The amount of the defendant's cross-demand in such a case is not controlling, nor can it be said to be limited by section 442 of the Code of Civil Procedure, which affords affirmative relief.

The writ of prohibition is denied.

Works, P. J., and Stephens, J., *pro tem.*, concurred.