[Civ. No. 9266.   Second Appellate District, Division Two.—February 18, 1935.]

RALPH J. SCOTT et al., Respondents, v. WALTER B. ALLEN, Appellant.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Appellant.

Roland Rich Woolley for Respondents.

CRAIL, J.—This is an appeal from a judgment of the superior court in an action in which the plaintiffs sought a money judgment alleging fraud and rescission and for the return of the purchase price of certain units in an oil venture which they purchased from the defendant. The judgment was for $6,000 and it directed that $1,000 thereof be paid to plaintiff Scott and $5,000 thereof to plaintiff Laws.

Appellant's first contention is that the superior court did not have jurisdiction in so far as Scott's recovery is concerned for the reason that "the complaint constituted two separate and distinct causes of action, one for the sum of $1,000.00" over which the municipal court had exclusive jurisdiction. Appellant relies upon the recent case of *Philpott* v. *Superior Court,* 1 Cal. (2d) 512 [36 Pac. (2d) 635]. In that case the Supreme Court carefully and painstakingly reviewed the development of *assumpsit* from its inception to the present time and concludes that actions similar to the instant case are actions at law and not in equity, and that in such cases where the demand is not over $2,000 the municipal court alone has jurisdiction. In the instant case, however, the demand was for $6,000. There was one complaint, one trial, one judgment, one appeal. In the trial court no question was raised as to misjoinder of parties or causes of action or as to lack of jurisdiction. We are bound to assume that the two causes of action were consolidated for all purposes, including the purpose of determining jurisdiction. Obviously the amount involved was more than $2,000.

■ It is next contended by appellant that the judgment should be reversed for uncertainty. There is no merit in this contention. The judgment is certain in that it provides that the defendant shall pay to the plaintiffs the sums of $5,000 and $1,000 respectively. It also provides for the turning over to the defendant by the plaintiffs of the things of value received by the plaintiffs, i. e., the units of stock and certain dividends thereon. The judgment is mandatory against the plaintiffs as well as against the defendant, and the defendant has a clear and adequate remedy to enforce compliance therewith. The judgment contains a definite statement of the rights of the parties and a definite means of ascertaining them, and we find no uncertainty which would entitle the defendant to a reversal. (14 Cal. Jur. 954 et seq.) The defendant may deduct the amounts received by the plaintiffs as dividends from the amount which he pays to satisfy the judgment, and if there is some dispute, the matter can be determined on supplemental proceedings.

■ Appellant next contends that the plaintiffs waived their right to recover judgment. This was a question of fact (not a question of law) which was determined by the trial court adversely to the defendant upon substantial evidence, and is beyond our attention.

■ Appellant's final contention is that the transaction involved was not between himself and the plaintiffs, but between his brother, C. G. Allen, and the plaintiffs, and therefore the defendant is not liable in this action. It is our duty on appeal to view the evidence in the light most favorable to the respondents, and viewed in this light the entire transaction of the plaintiffs from its inception to its consummation was with the defendant and no other. For the reasons stated the judgment should be affirmed.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.