[Civ. No. 1395. Fourth Appellate District.—March 25, 1936.]

DEAN HEAVILIN, Respondent, v. WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK (a Corporation) et al., Appellants.

Harvey & Johnston for Appellants.

W. C. Dorris and R. W. Henderson for Respondent.

MARKS, J.—Plaintiff brought this action to recover from each separate defendant its proportionate share of $500, the alleged value of a stolen automobile upon which each defendant had issued a separate policy of insurance against theft. He had judgment against the Westchester Fire Insurance Company of New York for $95.24 and $8.88 accrued interest, the Home Insurance Company for $57.14 and $5.32 accrued interest, and the Great American Insurance Company for $47.62 and $4.44 accrued interest. The sole question we need consider on this appeal is whether the Superior Court of Kern County had jurisdiction of the action. There is no class A justice's court in that county.

While, as a general rule, jurisdiction is determined by the prayer of the complaint, we may scrutinize the allegations of the complaint where necessary to determine the court having jurisdiction of the action. (*Trinidad Bean & Elevator Co.* v. *Superior Court*, 128 Cal. App. 355 [17 Pac. (2d) 153]; *Hammell* v. *Superior Court*, 217 Cal. 5 [17 Pac. (2d) 101].)

We infer from the allegations of the complaint that plaintiff purchased the automobile in question on a conditional sales contract with title reserved in the seller, and refinanced

the purchase with a similar contract. As the contracts were paid that matter becomes immaterial and we will treat the case as though plaintiff had been at all times the legal owner of the car.

The complaint alleges that on September 19, 1932, plaintiff was the owner of a 1928 Hupmobile sedan and was insured against theft of the car in the sum of $300 by the Westchester Fire Insurance Company of New York; that on December 15, 1932, he was insured against the theft of the car by the Home Insurance Company for the actual value of the automobile; that on December 16, 1932, he was insured against the theft of the car in the sum of $250 by the Great American Insurance Company; that each policy was for one year and the premiums were paid by plaintiff; that the three policies were in full force and effect on July 16, 1933, when the automobile was stolen, "totally wrecked" and rendered "utterly valueless"; that when stolen the automobile was of the value of $500; that on July 20, 1933, defendants, through a common agent, took possession of the car and still retain it; that immediately after the theft plaintiff notified defendants of it and made due proof of loss; that defendants repudiated their contracts and refused payments under them; that the policy issued by the Great American Insurance Company contained a clause to the effect that if the insured had concurrent theft insurance on the automobile it should be liable only for its proportionate amount of the loss which the sum insured bears to the total amount of the insurance; that plaintiff was unable to determine and apportion the respective liabilities of the separate defendants and therefore joined all of them as defendants in the action. The complaint concludes with the following prayer: "WHEREFORE, plaintiff prays judgment in the sum of Five Hundred Dollars ($500.00), apportioned against the several defendants as their respective liabilities may appear, and for such other and further relief as may be equitable and just in the premises; and for his costs of this action."

In determining issues of this kind we are concerned with the allegations and prayer of the complaint as initial jurisdiction is there determined and not by the findings and judgment. (*Gardiner* v. *Royer*, 167 Cal. 238 [139 Pac. 75].)

Section 112 of the Code of Civil Procedure, as in effect at the time of the institution of this action on December 14,

1933, provided that class B justice's courts had original jurisdiction ''in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars or less . . . '', subject to exceptions not material here.

It is clear that this action is one at law to determine the liability of each separate defendant upon its separate and individual contract with plaintiff. The *primary* liability of one defendant to plaintiff was in no way affected by the liability of either of the other two, it being affected only in the amount of possible recovery. The maximum of possible recovery against any defendant was the maximum amount of insurance specified in its policy. This being true, the recovery against the Westchester Fire Insurance Company of New York could not exceed $300, and against the Great American Insurance Company, $250, the maximum amounts of their respective liabilities specified in their respective contracts of insurance. It is immediately apparent from the statement of these facts that exclusive jurisdiction of the actions against these defendants lay in the justice's court and not the superior court.

The liability of the Home Insurance Company was limited by its contract to the actual value of the stolen automobile. The complaint alleged this value at $500. It follows that if the action had been instituted against this defendant alone, with these allegations in the complaint, jurisdiction lay in the superior court.

Instead of suing each defendant separately plaintiff chose to join them in one action. It is obvious that the judgment would have to be against each defendant separately for the amount of its liability as their obligations were several and not joint or joint and several. In the prayer of his complaint plaintiff sought to have the trial court determine the respective amounts of these several recoveries.

He had insured his automobile against theft by three separate policies with an aggregate liability of $1,050. He alleged the amount of his loss as $500. It is clear that he was asking, and expected, the trial court to apportion this loss among the insurance carriers in proportionate amounts. His loss of $500 bore the proportion of 10/21 to the aggregate amount of the insurance he carried. Applying that fraction as fixing the liability of each defendant, and by disregarding fractional cents, we have the following maximum liability of

each defendant: Westchester Fire Insurance Company of New York, $142.85; Great American Fire Insurance Company, $119.05, and Home Insurance Company $238.10.

The question of jurisdiction is not affected by the fact that plaintiff sought to recover an aggregate amount of $500 from the three defendants, this amount being made up by the total of their several liabilities. As their liabilities were several, and an independent recovery must be had against each, jurisdiction is determined by the maximum amount of the separate recovery possible against each defendant, and not by the total of the three amounts which plaintiff hoped to recover from them. This rule is well established in California. (*Thomas* v. *Anderson,* 58 Cal. 99; *Winrod* v. *Wolters,* 141 Cal. 399 [74 Pac. 1037]; *Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal. App. (Supp.) 784 [294 Pac. 378]; *Derby* v. *Stevens,* 64 Cal. 287 [30 Pac. 820]; *Hyman* v. *Coleman,* 82 Cal. 650 [23 Pac. 62, 16 Am. St. Rep. 178]; *Myers* v. *Sierra etc. Assn.,* 122 Cal. 669 [55 Pac. 689]; *Miller* v. *Carlisle,* 127 Cal. 327 [59 Pac. 785]; *Johnson* v. *Hinkel,* 29 Cal. App. 78 [154 Pac. 487].)

We have not discussed the propriety of plaintiff joining in a single count of one complaint three causes of action against three defendants upon separate contracts of insurance. The question was not presented to the trial court and is not argued here.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.