[L. A. No. 16049. In Bank.—April 30, 1937.]

EDNA EARL EMERY et al., Respondents, v. PACIFIC EM-
PLOYERS INSURANCE COMPANY (a California Cor-
poration), Appellant.

Kenneth J. Murphy, Ralph E. Lewis, F. Britton McConnell for Appellant.

Charles H. Goebel, Bronson, Bronson & Slaven, C. F. Jorz and Albert J. Morrisey, *Amici Curiae,* on Behalf of Appellant,

Jules C. Goldstone, Paul J. Ziegler and William Berger for Respondents.

SEAWELL, J.—Plaintiffs Edna Earl Emery and Lillian M. Beal recovered judgment, in the sums of $1100 and $4,200, respectively, against James Bronis for personal injuries received when the automobile in which they were riding was struck by an automobile owned and driven by Bronis. The judgment being unpaid, they brought this action against defendant Pacific Employers Insurance Company upon a policy of automobile liability insurance issued by it to Bronis. From a judgment for plaintiffs upon a directed verdict defendant prosecutes this appeal.

The contention of the defendant insurance company is that the policy is void by reason of false representations contained in the application for insurance and false warranties of the insured in the policy. By statutory provision and similar terms of the policy the right of the injured person who has secured judgment against the insured is to bring an action against the insurer ''on the policy and subject to its terms and limitations''. Hence if the policy is void or voidable as to Bronis, plaintiffs cannot recover thereon. (Stats. 1919, chap. 367, p. 776; *Purefoy* v. *Pacific Auto. Indem. Exch.,* 5 Cal. (2d) 81 [53 Pac. (2d) 155] ; *Hynding* v. *Home Acc. Ins. Co.,* 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13] ; *General Acc. etc. Corp.* v. *Industrial Acc. Com.,* 196 Cal. 179, 190 [237 Pac. 33] ; *Sears* v. *Illinois Indemnity Co.,* 121 Cal. App. 211 [9 Pac. (2d) 245].)

Upon oral argument in this court defendant urged for the first time that as the demand of plaintiff Edna Earl Emery was for less than $2,000 the Superior Court of Los Angeles County did not have jurisdiction thereof, but jurisdiction was in the municipal court. (Sec. 89, Code Civ. Proc.; sec. 29, Municipal Court Act, 2 Deering's Gen. Laws, p. 2925.) The question of jurisdiction may be raised for the first time on appeal, since the parties cannot by their consent

confer jurisdiction. (Sec. 434, Code Civ. Proc.; *Norager* v. *Mountain States Life Ins. Co.*, 10 Cal. App. (2d) 188 [51 Pac. (2d) 443]; *Adolph M. Schwartz, Inc.*, v. *Burnett Pharmacy*, 112 Cal. App. (Supp.) 781, 784 [295 Pac. 508]; *Maguire* v. *Cunningham*, 64 Cal. App. 536, 540 [222 Pac. 838].)

The action against James Bronis wherein plaintiffs recovered the judgments which are the basis of the instant action was a single action. Since the 1927 amendment of section 378 of the Code of Civil Procedure, persons who have sustained personal injuries in the same accident may bring a single action. (*Colla* v. *Carmichael U-Drive Autos, Inc.*, 111 Cal. App. (Supp.) 784 [294 Pac. 378]; *Peters* v. *Bigelow*, 137 Cal. App. 135 [30 Pac. (2d) 450].) A single action against the defendant's insurer, as in the case herein, is also authorized under said section. But the judgments recovered by the several plaintiffs in the single action against the negligent defendant, and in the subsequent action against his insurer, are several judgments. Each plaintiff recovers upon his separate cause of action. No plaintiff has any interest in the sum awarded to another plaintiff.

It is the law that where the joinable claims of several plaintiffs are each below the jurisdictional minimum of the superior court, action therein must be brought in the lower court, notwithstanding the aggregate of the claims is above said jurisdictional minimum. (*Colla* v. *Carmichael U-Drive Autos, Inc.*, *supra; Winrod* v. *Wolters*, 141 Cal. 399 [74 Pac. 1037]; *Miller* v. *Carlisle*, 127 Cal. 327 [59 Pac. 785].) It is likewise held that where a single plaintiff has properly joinable causes of action against several defendants, the claim against each being for an amount within the jurisdiction of the lower court, action must be brought in said lower court, notwithstanding the total amount sued for is within the jurisdiction of the superior court. (*Heavilin* v. *Westchester Fire Ins. Co.*, 12 Cal. App. (2d) 695 [56 Pac. (2d) 252]; *Myers* v. *Sierra Valley etc. Assn.*, 122 Cal. 669, 672 [55 Pac. 689].) But where a single plaintiff has several small claims against a defendant, it is the total sum sued for which is the test of jurisdiction, and this is the rule notwithstanding some of the claims have been assigned to plaintiff for collection only. (*Hammell* v. *Superior Court*, 217 Cal. 5 [17 Pac. (2d) 101], citing cases; *Trinidad Bean & Elevator Co.* v. *Superior Court*, 128 Cal. App. 355 [17 Pac. (2d) 153].)

The question in the instant case is as to the rule where the cause of action of one plaintiff against the single defendant is for an amount below the jurisdiction of the superior court, and that of the other plaintiff for an amount within such jurisdiction. Has the superior court jurisdiction of both claims by virtue of the fact that they are otherwise joinable and one of the claims is for an amount within the jurisdiction of the superior court? In such a case as the instant one it would be highly desirable to permit the single action in the superior court, rather than to require separate actions for the trial of identical issues.

It has been held that where a plaintiff brings an action in the superior court a counterclaim or cross-complaint may be asserted for an amount within the jurisdiction of an inferior court. (*Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916]; *Sullivan* v. *California Realty Co.,* 142 Cal. 201 [75 Pac. 767]; *Gregory* v. *Diggs,* 113 Cal. 196 [45 Pac. 261]; *Kling* v. *Kimball Pump Co.,* 138 Cal. App. 470 [32 Pac. (2d) 659].) In the recent case of *Brix* v. *People's Mutual Life Ins. Co.,* 2 Cal. (2d) 446 [41 Pac. (2d) 537], where the case stated in the complaint was not within the jurisdiction of the superior court, but the defendant set up a cross-complaint sounding in equity and hence within the jurisdiction of the superior court, it was held that said court had jurisdiction of both causes of action. (Note, 24 Cal. Law Rev. 338.) We also held in two recent cases that a single action in the superior court could be prosecuted against a real estate broker for $5,000 and against the surety on his statutory real estate broker's bond for the penal sum of the bond in the amount of $1,000, which amount was within the jurisdictional limit of the municipal court, although it is not required that they be sued in a single action. (*Kane* v. *Mendenhall,* 5 Cal. (2d) 749 [56 Pac. (2d) 498]; *Kaufman* v. *Pacific Indem. Co.,* 5 Cal. (2d) 761 [56 Pac. (2d) 504].) But in a line of decisions involving suits against stockholders upon their proportionate stockholders' liability under section 322 of the Civil Code, as it stood prior to 1931, providing for a joint or several action against such stockholders, it was held that claims against stockholders for less than $300 each were required to be prosecuted in the justice's court and could not be joined with larger claims against other stockholders in a superior court action. (*Derby* v. *Stevens,* 64 Cal. 287 [30 Pac. 820]; *Myers*

v. *Sierra Valley etc. Assn., supra; Hyman* v. *Coleman,* 82 Cal. 650 [23 Pac. 62, 16 Am. St. Rep. 178]; *Johnson* v. *Hinkel,* 29 Cal. App. 78 [154 Pac. 487].)

In the counterclaim and cross-complaint cases the demand of the defendant for a lesser amount is a separate cause of action, although arising out of the same transaction, no less than are the separate demands of the two plaintiffs in the instant action. Yet it is held that the superior court has jurisdiction of a claim below its usual jurisdictional limit in such cases. It is true that in these cases the cross-demands are between the same parties. But the defendant is allowed recovery upon claims arising out of the transaction on which the complaint·is based even though the plaintiff is denied recovery and there is no offsetting of one recovery against the other. (*Sullivan* v. *California Realty Co., supra; Moore* v. *Groftholdt,* 10 Cal. App. 714 [103 Pac. 149]; *Kling* v. *Kimball Pump Co., Inc., supra.*)

It has been said in one of the cross-complaint cases that the plaintiff should not be able to object to defendant's asserting his small demand in the superior court because the plaintiff has himself brought the defendant into that court. (*Sullivan* v. *California Realty Co., supra.*) But this is not a decisive distinction between said cases and the instant case, for where jurisdiction is involved it is the rule that the acts of consent of the parties cannot enlarge the power of the court.

It may also be argued that the case of a single action against a real estate broker and his surety on the separate causes of action against them is ᐧdistinguishable from the instant case in that there is really but one debt due to the plaintiff. Payments by either broker or surety would reduce such single debt. In the instant case neither plaintiff will have any interest in any sum recovered by the other. However, if by reason of the presence of the larger claim the jurisdiction of the superior court attaches to the smaller demand in the counterclaim, cross-complaint and surety cases, we are of the view that it properly may be held to attach to the smaller claim against the defendant of Edna Earl Emery herein, which is joinable with the claim of plaintiff Lillian M. Beal for $4,200. The two joinable causes of action together constitute the "case" within the meaning of the jurisdictional provisions, and if the total demand of one of said plaintiffs against the defendant is beyond the jurisdiction

of the municipal court, the superior court has jurisdiction of said "case", including both causes of action. The term "case" is not synonymous with "cause of action". (*Hammell* v. *Superior Court, supra.*)

In *Scott* v. *Allen*, 4 Cal. App. (2d) 621 [41 Pac. (2d) 371], the District Court of Appeal reached a decision in line with our conclusion herein. Both plaintiffs therein sued in the Superior Court of Los Angeles County for the return of the purchase price of units in an oil venture purchased from defendants. One plaintiff sued for $6,000, and the other for $1,000. The judgment awarded them for said amounts in the single action in the superior court was affirmed. It is not, however, required that the plaintiffs join in prosecuting a single action in the superior court.

We shall now consider the contention of defendant that the policy upon which this action is based is void because of a false representation in the application therefor and a false warranty in the policy. Strother and Strother, insurance brokers, had acted as Bronis' agent in procuring automobile liability insurance for him from the time he came to California in 1930. The printed form of application for the insurance policy upon which the action herein was brought was filled in and signed by Strother and Strother. Opposite the question "Has this risk been cancelled or rejected by any Company, if so why," the written answer was "No". Included in the warranties in the body of the policy as issued was the following: "No company has declined, cancelled nor refused to continue automobile insurance, except as follows: No exceptions." It was provided in the policy that the assured, by acceptance of the policy, made the warranties therein contained. A breach of warranty where it is broken in its inception prevents the policy from attaching to the risk. (Sec. 2612, Civ. Code, now sec. 449, Insurance Code; *Craig* v. *United States Fid. & Guar. Co.*, 11 Cal. App. (2d) 644 [54 Pac. (2d) 486]; *Gilmore* v. *Eureka Casualty Co.*, 123 Cal. App. 20, 27 [10 Pac. (2d) 810]; *Bennett* v. *Northwestern Nat. Ins. Co.*, 84 Cal. App. 130 [257 Pac. 586].)

The trial court directed a verdict for plaintiff on the ground that defendant insurance company had failed to establish that any prior policies had been cancelled by the insurer. Defendant contends that there was evidence from which the jury could have found prior cancellations, and further, that the court improperly excluded evidence upon which it relied

to prove prior cancellations based on the bad accident record of Bronis.

The policy herein was issued on September 12, 1933. The accident in which plaintiffs were involved took place on September 30, 1933. On October 4, 1933, defendant insurer mailed to Bronis a letter declaring the policy void as of its date of issue by reason of falsity of the above representation and warranty. On the same date it returned to Strother and Strother their check for the premium of Bronis' policy. The insurance company thereafter refused to defend the action brought by plaintiffs herein against Bronis.

Defendant contends that the evidence shows prior cancellations of automobile liability insurance issued to Bronis by the American Surety Company, the Pacific Indemnity Company, and Norwich Union Indemnity Company.

Policies of automobile liability insurance commonly provide that the insured may request a cancellation at any time, and that the company may cancel at any time by giving the insured five days' notice of cancellation. Under such a provision an effective termination of the insurance by the company does not depend on the return of the policy to the company. (Richards, The Law of Insurance, 4th ed., p. 446, sec. 269.) A prior cancellation at the request of the insured or by mutual consent, as, for instance, upon the sale of the car by the insured, would not constitute a breach of the warranty that "no company had declined, cancelled or refused to continue automobile insurance". (*Rabin* v. *Central Business Mens's Assn.*, 116 Kan. 280 [226 Pac. 764, 38 A. L. R. 26, note, p. 30, citing cases]; *American Fidelity Co.* v. *Ginsburg Sons' Co.*, 187 Mich. 264, 276 [153 N. W. 709].)

But it does not follow that wherever the policy has been returned to the company, there must be held to be a cancellation by mutual consent or at the request of the insured. If the insurer clearly and unequivocally indicates its unwillingness to continue upon the risk, there is a refusal by the company within the meaning of the warranty provision, notwithstanding the insurer requests that the insured return the policy for cancellation, with which request he complies. (*Wells* v. *Great Eastern Cas. Co.*, 40 R. I. 222 [100 Atl. 395].)

As to the policy issued by the American Surety Company on June 12, 1933, we are of the view that the evidence shows only a cancellation by mutual consent. The letter written by the insurance company to Strother and Strother, brokers

for Bronis, upon which appellant relies to establish a cancellation by the company, itself suggests a desire on the part of the insured, Bronis, to cancel because of unsuccessful negotiations to extend the policy retroactively to protect Bronis as to a slight accident he had been involved in in Mexico. Said letter concludes: "Let us have your advices."

Appellant insurance company contends that there was evidence from which the jury could have found a cancellation of a policy issued on September 8, 1931, by the Pacific Indemnity Company. It appears from the record that said policy was cancelled in the sense that it did not run its full course, but was delivered up to the company, and by it destroyed as an effective policy. The court excluded certain instruments upon which defendant relied to establish that this cancellation was "by the company," but they appear in the record as exhibits B and G, marked for identification. Exhibit G is a letter written on February 9, 1932, by L. Clyde Paine, supervisor of underwriting of the casualty and automobile department of Swett and Crawford, insurance underwriters for the Pacific Indemnity Company, to Strother and Strother. Irvin P. Strother testified that he received said letter in due course of mail. The body of the letter is as follows:

"Effective September 8, 1931, we issued the above policy for your account. Since that time there have been four accidents reported resulting in five claims and a loss ratio to the present time of over 700%. We do not feel that we can profitably remain upon this risk and would appreciate it if you would secure the policy and return it to this office for cancellation. We trust that we may have your immediate cooperation on this in order that the cancellation may become effective not later than February 15th."

Exhibit B for identification is as follows:

"Los Angeles, California
"February 16th, 1932

"To James Bronis,
　"1154 Northwestern Avenue,
　　"Hollywood, California.

"You are hereby notified that Policy Number A U –121061 issued to you & et al., is cancelled from and after the 22nd day of February, 1932, at 12:00 M. standard time for the reason Company's Election.

"PACIFIC INDEMNITY COMPANY
"By J. T. MOORE, Authorized Agent.
"MB"

The court excluded exhibit G for identification for the reason it was of the view that it had not been shown that Strother and Strother were agents of Bronis to receive a notice of cancellation, and for the further reason that the provisions of the policy relating to cancellation had not been established. Thereafter counsel for plaintiff stipulated that the Pacific Indemnity Company at the time of the issuance of the policy to Bronis had but one form of automobile liability insurance policy, and also stipulated as to the contents of the cancellation clause in said form. It is identical with the clause in the policy upon which this action is brought, and provides for cancellation by the company upon five days' notice to the insured. We have heretofore stated, however, that a clear and definite refusal by the insurance company to continue insurance in effect, constitutes a cancellation by the company where it is accompanied by a request for return of the policy, with which the insured complied.

It is true that exhibit G was not addressed to the insured, but to Strother and Strother, brokers, who had procured the insurance for Bronis. It is held that an agent of the insured to procure insurance is not an agent for cancellation, and notice of cancellation to such broker is not notice to the insured. (*Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [23 Pac. 869, 17 Am. St. Rep. 233]; *Quong Tue Sing* v. *Anglo-Nevada Assur. Corp.*, 86 Cal. 566 [25 Pac. 58, 10 L. R. A. 144]; *Cronenwett* v. *Iowa Underwriters etc. Co.*, 44 Cal. App. 571, 575 [186 Pac. 824; *Hooker* v. *American Ind. Co.*, 12 Cal. App. (2d) 116 [54 Pac. (2d) 1128]; Richards, Law of Ins., 4th ed., sec. 271, p. 450.) But if the notice of communication to the broker is actually communicated by him to the insured, the insured has actual notice.

 In the instant case it would seem that upon the testimony of Bronis the jury might have found that Strother and Strother were acting as agents for Bronis for cancellation as well as procuring of insurance. Bronis testified that Strother and Strother would be better able to answer a question as to whether cancellation notices had been received on his policies than he himself would; that if he received anything he turned it over to Strother; that he had nothing to do with the insurance, and that he had implicit faith and confidence in Strother. It also appeared that Strother and Strother carried

on correspondence with the insurance companies upon certain of the policies after their issue. (See *Ferrar* v. *Western Assur. Co.*, 30 Cal. App. 489, 492 [159 Pac. 609].) In any event defendant should have been permitted to introduce the letter received by Strother and Strother as a first step, to be followed by a showing that it was communicated to Bronis. A termination of the policy upon its return to the company pursuant to the refusal to continue the insurance contained in this letter, would constitute a cancellation by the company within the meaning of the warranty provision herein.

The above letter was dated February 9, 1932. Exhibit B for identification, dated February 16, 1932, which also was not permitted to be introduced in evidence, and which is set forth above, is in form a notice that the policy is to be cancelled by the company after five days' notice. A cancellation upon such notice does not depend upon a return of the policy. Defendant's counsel offered to prove that the original of said notice, addressed to Bronis, was in fact received by him. The court, however, refused to permit said instrument to be introduced after Moore, whose name is attached to the notice, had testified that he had not signed it, nor specially authorized any employee of the company to send it out. It was not shown by whose authority the notice was prepared. Upon a retrial defendant no doubt will establish also this notice of cancellation of February 16, 1932, directed to the insured, as well as the notice of February 9, 1932, directed to the brokers.

Defendant also sought to prove cancellation of automobile liability insurance policies issued in 1930 and 1933 by the Norwich Union Indemnity Company. The witness Addington, claims adjuster for the defendant insurance company in the instant action, testified that after the accident in which plaintiffs were involved Bronis stated that the Norwich Union Indemnity Company had cancelled his insurance in the year 1930. The court ruled against the admissibility of this testimony. The statement made by Bronis was admissible as a declaration against interest. (*Langley* v. *Zurich Gen. Acc. & L. Ins. Co.*, 219 Cal. 101 [25 Pac. (2d) 418].) It was to the interest of Bronis at the time when the statement was made and at the time of trial that the defendant insurance company should recognize liability on the policy issued to him. The court also refused to permit the defendant's

counsel to ask Bronis and the witness Strother, the broker, whether any policies had been cancelled, or as to whether they had received notices of cancellation. We are of the view that said questions in the circumstances appearing in this case did not call for conclusions of law. A question "Did you receive a notice of cancellation" does no more than ask if the witness received a notice entitled notice of cancellation, or purporting to cancel the policy. It does not call for the witness' statement as to whether the notice was effective to terminate the policy. Nor was the question as to whether prior policies have been cancelled improper. Where the question is as to whether prior policies have been cancelled by the issuing companies, the insured, or his broker, where the broker has acted for the insured in connection with the cancellation, must be deemed to know as a fact whether prior policies have been terminated before their expiration, and to know whether such termination was by election of the insured or upon the refusal of the insurer to continue insurance. Questions of ultimate fact may develop into questions of law, in which case they may be treated as such, but *prima facie* a question to the insured as to whether prior policies have been cancelled is a question of fact.

For error in the rejection of testimony sought to be offered by defendant the judgment for plaintiff entered upon a directed verdict must be reversed. Respondents do not deny that in fact policies of the Pacific Indemnity Company and the Norwich Union Indemnity Company were cancelled upon the refusal of said companies to continue them in effect.

The judgment is reversed.

Shenk, J., Thompson, J., Curtis, J., and Langdon, J., concurred.