[Civ. No. 10791. First Appellate District, Division Two.—February 2, 1939.]

VIRGINIA O'DONNELL, a Minor, etc., et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

William M. Abbott, Cyril Appel and Ivores R. Dains for Appellants.

William M. Malone and Raymond L. Sullivan for Respondents.

SPENCE, J.—Plaintiff, Virginia O'Donnell, a minor, sought to recover damages in the sum of $7,520 for personal injuries sustained as the result of a collision of a street car of the defendant company and an automobile in which said plaintiff was riding as a guest. Plaintiff Cecelia O'Donnell, the mother of said minor, sought to recover damages in the sum of $334.43, which was alleged to have been the amount necessarily expended by her for the treatment of her daughter's injuries. The complaint, which was filed in the Superior Court in the City and County of San Francisco, set forth two counts, the first embracing the alleged cause of action of the injured minor and the second embracing the alleged cause of action of her mother. Upon a trial by jury, the injured minor had judgment in the sum of $1500 and her mother had judgment in the sum of $334.43. The defendant company and defendant Highstreet, its motorman, appeal from said judgments.

The collision occurred at the intersection of Eighteenth Avenue and Balboa Street in San Francisco on May 4, 1935, at about the hour of 5 o'clock P. M. The defendant company operates a double track street railway on Balboa Street, which runs in a general easterly and westerly direction. The car involved in the collision was being operated in an easterly direction along the southerly track. The automobile in which the injured plaintiff was riding was being driven by her cousin, Mary McHugh, in a northerly direction along Eighteenth Avenue. There were no signals or stop-signs of any kind at any of the corners of said intersection. The collision occurred about ten feet west of the easterly curb line of said Eighteenth Avenue and the evidence showed that the street car carried the automobile from 50 to 65 feet eastward along the track before coming to a stop.

Appellants first contend that "the evidence demonstrates that the negligence of Mary McHugh was the sole proximate cause of any damages sustained by plaintiff". Under the circumstances before us, this appears to be the

equivalent of a claim that the evidence was insufficient to support the implied finding that the appellant motorman was guilty of negligence which was the proximate cause, or a proximate cause, of the collision. We find no merit in this contention. It may be conceded that there was ample evidence from which the jury might have determined that Mary McHugh was guilty of negligence, but it also appears that there was ample evidence from which the jury might have determined that both Mary McHugh and the appellant motorman were guilty of negligence and that the concurring negligence of both was the proximate cause of said collision.

There is some conflict regarding the speed of the street car and the speed of the automobile at the time of the collision, but all of the evidence shows that both the street car and the automobile had slowed down upon approaching the intersection. The defendant motorman's own testimony regarding his actions upon approaching and crossing the intersection was as follows: That he threw off the power and put on the brake as he approached the intersection and "then I continued to throw it back, to wind it up again, to put full power on"; that his view was unobstructed but he did not see the automobile until he was out in the intersection beyond the curb line; that he did not thereupon throw off the power or put on the brake in the intersection before the impact but "simultaneously with the collision, I reversed my car; I threw off the power and reversed, pulled it back to slug and pulled more power to turn the wheels backward in motion"; that his car was traveling only eight miles per hour at the time of impact but it proceeded approximately 30 feet after the impact before stopping notwithstanding he made an emergency stop in the fastest and most efficient manner. His testimony regarding the automobile was that it was traveling slowly when he first saw it near the southerly curb line; that he thought it was coming to a stop; that it was constantly in his view thereafter and that "the machine literally, practically jumped; it looked as if it picked up an awful lot of speed right quick"; that nevertheless when the automobile got to the south rail of the track, "Well, I will say she was going about—oh, approximately ten or twelve miles an hour." While we believe that the unsatisfactory testimony of the motorman was in itself sufficient to support the jury's implied findings against him and his employer, we

may state that the testimony of respondent's witnesses fully supported said findings. It showed that the automobile did not increase its speed after slowing down but that the motorman did quickly increase the speed of the street car after slowing down; that said increased speed of the street car exceeded that permitted by ordinance in crossing such intersections and that said increase was not accompanied or preceded by any warning.

■ Appellants further contend that "the superior court did not have jurisdiction of the subject-matter of the separate cause of action of plaintiff Cecelia O'Donnell". This contention may not be sustained in view of the conclusions reached by the Supreme Court in *Emery* v. *Pacific Employers Ins. Co.*, 8 Cal. (2d) 663 [67 Pac. (2d) 1046].

■ Two other contentions of appellants are discussed under the heading "the court erred in refusing to instruct the jury concerning alleged failure of motorman to sound warning signal and in admitting evidence that no gong was sounded". The refused instruction read as follows: "I instruct you that where the driver of an automobile knows that a street car is approaching, any alleged failure on the part of the motorman to sound a warning signal of the approach of the street car cannot in law be considered a proximate cause of any collision between the automobile and the street car." In support of said contentions appellants cite and rely mainly upon *Starck* v. *Pacific Elec. Ry. Co.*, 172 Cal. 277 [156 Pac. 51, L. R. A. 1916E, 58]. They also cite *Lambert* v. *Southern Pac. R. R. Co.*, 146 Cal. 231 [79 Pac. 873], and numerous cases involving railroads rather than street railways. Appellants cite no authority holding that the admission of such evidence constituted error and we are of the opinion that neither the admission of such evidence nor the refusal of said instruction constituted error under the circumstances before us. There was evidence here to show that the street car had slowed down as it approached the intersection and that after it was seen by the driver of the automobile, it quickly increased its speed without warning as above stated. Under those circumstances, we believe that the evidence that no warning signal was given was competent evidence for the consideration of the jury on the issues of negligence and proximate cause and that said proposed instruction was properly refused.

The final contention of appellants is that "the court erred in instructing the jury as to the meaning of the term 'ordinary care'". The challenged instruction read as follows: "By 'ordinary care' is meant that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances. What is ordinary care is a question of fact to be decided by you from all the evidence." Appellants concede that the first sentence of said instruction contained a correct statement of the law, but they claim there was prejudicial error in the giving of the second sentence thereof. The wording of said second sentence cannot be approved but when it is read with the first sentence, we are of the view that the jury must have understood it to mean that the question of whether any party exercised ordinary care was a question of fact to be decided by the jury from all the evidence and under the definition given in the preceding sentence. We therefore conclude that the error, if any, in the giving of said second sentence was not prejudicial to appellants.

The judgments are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 4, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1939.