[Civ. No. 10657. First Appellate District, Division Two.—December 21, 1937.]

H. D. HARLIS, Respondent, v. GEORGE J. BECKER, Appellant.

George H. Hauerken for Appellant.

Frank V. Kington for Respondent.

NOURSE, P. J.—Plaintiff sued in the Superior Court in San Mateo County upon an open book account. Defendant moved for a change of the place of trial to the city and county

of San Francisco, which is conceded to be the place of his residence. This motion was denied, and it is the subject of this appeal.

The complaint was framed in five separate causes of action, each for a sum less than $300. The whole demand was for $507.49. Each cause of action related to labor and materials furnished the defendant at Redwood City in San Mateo County.

■ The question on appeal is whether a plaintiff creditor can split a demand on an open book account into a series of causes of action each under $300, but the whole aggregating more than that sum, so that jurisdiction of the action is conferred on the superior court, but at the same time, the defendant debtor is deprived of his right to trial in the county of his residence. The inquiry is confined to those causes arising or current in judicial townships where jurisdiction is limited to $300.

Section 395 of the Code of Civil Procedure provides that "in all other cases" than those specially provided for in preceding sections of the code the county in which the defendant resides at the commencement of the action is the proper county for the trial of the action. An exception follows reading: "When a defendant has contracted to perform an obligation in a particular county, and the *demand*, exclusive of interest, does not exceed three hundred dollars, either the county where such obligation is to be performed, or the county in which the defendant" resides shall be the proper county for the trial.

Assuming that the various items of an open book account between the same parties may thus be made the subject of separate causes of action, the jurisdiction of the superior court rests on the fact that the aggregate *demand* is for a sum in excess of $300. This has long been the rule in this state and one universally followed. (*Hammell* v. *Superior Court,* 217 Cal. 5, 7 [17 Pac. (2d) 101].) Hence, when the legislature put the venue statute on the same basis of *demand* it is reasonable to assume that the word was used in the same sense and with the same limitations.

We conclude that, whatever may be the amount of the separate causes of action, the *demand* is found in the aggregate amount sued for; that, when a defendant is sued in a superior court in *assumpsit* for a sum in excess of $300, the

proper county for the trial of the action is the county in which he resided at the commencement of the action; that the motion of the defendant herein should have been granted, and the cause should be transferred to the Municipal Court in the City and County of San Francisco.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.